SARAH A. JARVIS, administratrix, &c., *vs.* WILLIAM
F. JARVIS.

A referee reported certain evidence tending to show an indebtedness of the
defendant to the plaintiff, but did not find, as a fact, that such indebtedness
existed. As a conclusion of law, he found that the plaintiff was entitled to
recover the amount of the indebtedness which the evidence tended to show.
*Held* that the finding was erroneous.

It is the province of a referee to find the fact, instead of reporting the evi-
dence; and judgment cannot be given upon a report of evidence, no matter
how strongly it may tend to establish the fact.

APPEAL by the defendant from a judgment for the
plaintiff on the report of a referee.

*F. W. Cogswell,* for the appellant.

*John Van Voorhis,* for the respondent.

*By the Court,* TALCOTT, J. The only serious ·diffi-
culty in sustaining the judgment in this case seems to
be the form of the report of the referee.

The referee has fallen into the not unusual mistake of
referees, and found and reported the evidence, instead
of the facts established by the evidence.

The finding upon which the legal conclusion of the
referee is based, so far as it is necessary to be consid-
ered, is as follows, viz.: "In the latter part of the year
1865, or forepart of 1866, Mrs. Banks and the defendant
had a conversation, in the defendant's house, in which
she asked him for a statement about the money he, de-
fendant, had borrowed from her. He said he would
settle with her in the afternoon. In the afternoon they
again got together, and .the defendant then admitted
that he owed her $700; 'that that amount was her due.'
Defendant then produced a county bond, and asked
her if she would take that in part payment. She looked
at it and said she would. Defendant then asked her if
he had not better deposit it in the bank for safe keep-

ing. To this Mrs. Banks assented, and defendant put the bond in his pocket. It was stated in these conversations that there was $200 due Mrs. Banks over and above the amount of the bond. The defendant afterwards appropriated the bond, and received the avails thereof to his own use."

The Mrs. Banks referred to in the referee's statement of the conversation is the testatrix, of whom the plaintiff is administrator with the will annexed.

The conclusion of law of the referee upon the foregoing statement is—"that the plaintiff, as administratrix as aforesaid, is entitled to recover against the defendant the sum of seven hundred dollars, with interest thereon from January 1st, 1866."

This is clearly a *non sequitur*. The plaintiff is not entitled to recover because a certain conversation occurred in which an indebtedness was admitted. Even conceding that the finding would be sufficient to support a judgment for the conversion of the bond, there remain the $200, as to which nothing is found except the fact that a conversation occurred, in which the indebtedness was admitted. This admission, in connection with the other evidence tending to show that the defendant had previously received the sum of $725, which equitably belonged to Mrs. Banks, was strong evidence to establish the existence of an indebtedness, and would have been amply sufficient to justify a finding of the referee that the defendant was, at the time of the alleged conversation, in fact indebted to Mrs. Banks in the sum of $700. But it is merely evidence of the indebtedness, and is not of itself and does not constitute indebtedness, and it cannot legally be said that a plaintiff is entitled to a judgment because a certain conversation occurred, however strong evidence of the existence of an indebtedness that conversation may afford. It is necessary that the fact of indebtedness should be found and reported to the court. Although the evi-

dence undoubtedly must have satisfied the mind of the referee that the indebtedness did exist, yet he has wholly omitted to find any such fact, and instead has found and reported certain evidence on the subject. The facts are to be found by the referee, and not by the court. If a special verdict should find precisely in this form, the court would be unable to render any judgment for the plaintiff on the finding, because however strong the evidence to establish a fact may be, it is the province of the jury to find the fact, instead of reporting the evidence.

Reports of referees are very often defective in failing to discriminate between the fact which is in issue, and the evidence to establish the fact. In such cases the fact which the evidence tends to establish is often, by counsel, assumed to have been found, and the case passes off without a critical examination of the finding in this particular. In this case, however, the specific objection is made, and we do not see how it is to be avoided.

New trial ordered, costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]