REBECCA ROBBINS, RESPONDENT, *v.* EZEKIEL MOUNT
AND OTHERS, APPELLANTS.

*The finding of fraud merely as a conclusion of law (in the absence of a finding of fact to that effect) will not sustain a judgment.*

A mere finding, as a conclusion of law, that a transfer of property was made by a debtor in fraud of his creditors, in the absence of any finding of fact to that effect, is insufficient to support a judgment setting aside the instrument by which such transfer was effected.

The question of fraud is to be determined as a matter of fact.

*Seward* v. *Jackson* (8 Cow., 406) followed.

APPEAL by John G. Record from part, and by Ezekiel Mount, Ann R. Mount and Thomas F. Mount from the whole of a judgment, entered in the office of the clerk of the county of Chautauqua on the 1st day of April, 1889, which decreed that a deed given by the defendant Ezekiel Mount to Ann R. Mount be canceled and set aside of record, and that a chattel mortgage be set aside in part.

*J. G. Record*, for the appellants.

*Walter Sessions*, for the respondent.

MACOMBER, J.:

This action, which is in the nature of a creditor's bill, was brought for a discovery of the property of the judgment-debtor, Ezekiel Mount, and to set aside certain fraudulent transfers of real and personal property, alleged to have been made by him to cheat and defraud his creditors.

The decision of the learned referee was in favor of the plaintiff as against the. defendants Ezekiel Mount, Ann R. Mount and Thomas F. Mount, but favorable to the defendant, John G. Record, the transferree, by chattel mortgage, of certain personal property to the extent of $135.

The findings of fact, made by the referee, are quite full in respect to the details of the several transfers of property and the consideration therefor, and among such findings is one to the effect that the transfer of the real estate by the defendant, Ezekiel Mount, to his daughter-in-law, Ann R. Mount, was the assumption on the part of Ann R. Mount of a large mortgage indebtedness resting upon such lands, and an agreement by her to support the grantor during the residue of his life. There is no finding of fact that any one of these several deeds was made with intent to hinder, delay or defraud the plaintiff, or any creditors of Ezekiel Mount. In the report, however, the referee finds as a conclusion of law : "First, that the conveyance of the two houses and lots and the farm and the personal property, to wit, twenty cows and the farming tools, executed by the defendant Ezekiel Mount to the defendant Ann R. Mount, were without sufficient consideration as against creditors, and were fraudulent and void, and that the deeds evidencing such conveyance should be canceled of record."

The first question is, therefore, whether the conclusion of law, reached by the referee, that such transfers were fraudulent, is sufficient to sustain the judgment, in the absence of any conclusion of fact contained in the report to that effect. Section 1022 of the Code of Civil Procedure, following to this extent the language of the prior Code, is as follows: "The decision of the court, or the report of the referee, upon the trial of the whole issue of fact must state separately the facts found and the conclusions of law." In the absence of a finding of fact, we deem a mere finding, as a con-

clusion of law, that a transfer of property was made in fraud of creditors, is insufficient to support a judgment setting aside the deeds by which such transfers were made. Since the case of *Seward* v. *Jackson* (8 Cow. 406), the whole subject of fraud has been deemed to be a matter of fact, and not of law.* Senator SPENCER, in that case, says: "Fraud or no fraud is, and ever must be, a fact." In the case before us, there being findings of fact as well as evidence, that the several transfers were supported by good and valid considerations, the conclusion of law that such transfers were fraudulent as to creditors may have come from the erroneous notion of the referee that, as a matter of law, where a party making a sale is indebted to others, such transfers must be deemed fraudulent as to them. But this principle has no existence in our jurisprudence. If the defendant Ezekiel Mount turned over his property, honestly, to the defendant Ann R. Mount, creditors have no right to complain.

This defect in the findings cannot be supplied by this court on appeal. Even if we were satisfied from the evidence that the intent to defraud creditors could be derived therefrom as a matter of fact, yet we cannot amend or correct the decision in this particular. In the case of *Jarvis* v. *Jarvis* (66 Barb., 331), the referee reported certain evidence tending to show an indebtedness of the defendant to the plaintiff, but did not find, as a matter of fact, that such indebtedness existed. As a conclusion of law, he found that the plaintiff was entitled to recover the amount of the indebtedness which the evidence tended to show existed, and it was held that the finding was erroneous, and the judgment was reversed. And it was there further held, that it is the province of the referee to find the fact, and that judgment cannot be given upon the report of the evidence, no matter how strongly it may tend to establish the fact.

We are of the opinion, therefore, that the report of the referee in this particular was not a mere irregularity or inadvertence which may be cured by sending the case back to him, but that the same worked a mistrial of the action.

The judgment should be reversed and a new trial had before another referee, unless the parties stipulate to try the case again

---

* 4 Revised Statutes (8th ed.), 2593, § 4.— [REP.

before the same referee, with costs of this appeal to the appellants to abide the final award of costs.

BARKER, P. J. and DWIGHT, J., concurred.

Judgment reversed and a new trial granted before another referee, with costs to abide the final award of costs.