CONKLING *et al. v.* MANHATTAN RY. CO. *et al.*

(*Supreme Court, General Term, First Department.* December 31, 1890.)

1. EVIDENCE—EXPERTS—QUALIFICATION.
A witness testifying as an expert to the value of property must have some acquaintance with it, sufficient to enable him to form an estimate of its value; and the decision of the trial judge as to the existence of his qualification as such will not be disturbed unless wholly unsupported by the facts in the case.

2. PLEADING—POSITIVE AVERMENT—INSUFFICIENT DENIAL—FINDINGS.
A positive averment of injury to premises from droppings of grease, oil, etc., from passing trains of an elevated railroad is not met by a denial that they fall "to any considerable extent," or to such an extent as to result in money damages capable of ascertainment, and a finding of the truth of the averment is proper.

3. TRIAL—FINDINGS—ISSUABLE FACTS—TRESPASS.
In an action against an elevated railway company for past damages to plaintiff's property, it is not error for the court to refuse to find that the value of the property has been increased by reason of the proximity of one of defendant's stations, as that is but evidence on the issuable facts.

4. TRESPASS—DEMISED PREMISES—DAMAGES TO INHERITANCE.
Damages to the inheritance may be recovered by the owner in fee of demised premises, resulting from the erection of an elevated railroad, notwithstanding the fact that such damages accrued during the existence of the demise, their measure being the difference in rental value free from the trespass and the value subject to it.

Appeal from special term, New York county.

Action by Frederick A. Conkling and others against the Manhattan Railway Company and the New York Elevated Railroad Company for past damages sustained by the construction and operation of defendants' elevated railway, and for an injunction *nisi* to restrain such further operation. There was a judgment for plaintiffs, and defendants appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*J. C. Thomson,* for appellants.   *H. C. Atwater,* for respondents.

BARRETT, J.   The appellants have submitted an elaborate brief in this case, and have made nine points, upon each of which they claim a new trial. We have gone over this brief carefully, but we find no merit in any of the positions taken.   There can be no doubt that the witnesses produced by the plaintiffs were competent experts, and that the decision of the learned judge at special term, admitting their testimony, should be sustained. *Bedell* v. *Railroad Co.,* 44 N. Y. 370; *Slocovich* v. *Insurance Co.,* 108 N. Y. 62, 14 N. E. Rep. 802.   They were far better qualified than the experts whose testimony was admitted in the *Bedell Case.*   The rule was there said to be that the witness must have some acquaintance with the value of property, sufficient to enable him to form some estimate of its value; and then it is for the jury to determine how much weight to attach to such estimate.   In *Slocovich* v. *Insurance Co.,* it was held that the decision of the trial judge in such a matter should not be held to present an error of law, and on that account be reversed, unless it is against the evidence, or wholly or mainly without support in the facts which appear.   In the light of these authorities, the evidence of qualification was more than sufficient, and the point made by the appellants is untenable.   The testimony given by these experts was within the limits outlined in *Drucker* v. *Railroad Co.,* 106 N. Y. 163, 12 N. E. Rep. 568, and the special objections thereto, taken in the third and fourth points, are unsubstantial.   Error is claimed in the finding that grease, oil, and water drop from passing trains, and fall on the street in front of plaintiffs' premises. This fact was alleged in the complaint, and was not denied in the answer. It was therefore properly found as a fact.   There is, it is true, in the answer what is styled a "denial," but it is a denial of something which is not alleged, namely, that grease, oil, water, cinders, or other objects fall from passing trains to any considerable extent, or to such an extent as to result in money damages capable of ascertainment.   The absence of any denial of the averment that grease, oil, water, cinders, and other objects fall from passing trains is enough to sustain a finding in the language of the averment.   The court did not find that such grease, oil, and water fell to any considerable extent, or to such an extent as to result in money damages capable of ascertainment.   Plainly the defendants' intention was to admit the averment, but to qualify the fact admitted by an allegation that it was not serious.   There was no error in refusing to find as a fact that the existence of a neighboring station rendered the premises more accessible to other parts of New York city than they would otherwise be, and that the continuous trespass thus added to the value of the premises.   Upon the defendants' theory, this was but an item of evidence bearing upon the issuable facts which were to be ascertained, namely, the value of the property appropriated by the defendants, and the damages sustained by the past trespasses involved in such appropriation.   The trial judge was not bound to find evidence, nor would it have been proper to do so.   Nor was he bound to disclose the processes of thought, or the special considerations, which led him to find the salient facts.   It appears, however, that the value and damages in this case were expressly found to be "over and above any benefits derived from the construction and operation of said elevated railroad."   It is contended that damages were awarded for acts done more than six years prior to the commencement of the action, and that this was error;

the statute of limitations having been pleaded. This contention is directly opposed to the findings. The damages are there expressly limited to what were sustained during the six years prior to the commencement of the action. It is said, however, that as the six years commenced on the 15th day of May, 1882, and as there was at that date an outstanding lease of the premises, which was signed a few days before, the plaintiff can recover nothing for the diminution of rent running through the term. This point is far-fetched, and unsubstantial. The plaintiffs had no cause of action against the defendants on the day when the lease was signed for the difference between the future rent reserved and what their premises would have brought them but for the defendants' acts. The causes of action were for continuous trespasses committed daily during the term of the lease, and the damages to the inheritance were awarded for these trespasses, and for these only. The rent reserved by the lease, and paid throughout the term, was but a single incident or consideration in estimating these damages. That the action will lie for damages to the inheritance, notwithstanding such possession of a tenant, was held, and we think conclusively demonstrated, by INGRAHAM, J., in *Mortimer* v. *Railway Co.*, 8 N. Y. Supp. 536; otherwise the defendants would escape altogether, for the tenant could recover nothing, inasmuch as he rented the premises with the invaded easements just as they stood. The damages, as were pointed out, would be the same (namely, the difference in rental value, free from the trespass, and subject to it) whether the premises were rented or not, and even if they were occupied by the owner. The eighth and ninth points, in which it is claimed that the sums awarded for damages, and which the appellants were required to pay as the price of the easements, were excessive, call for no special consideration. We have examined the evidence, and we think the sums awarded were reasonable. The judgment should be affirmed, with costs. All concur.