### LAWRENCEVILLE CEMENT CO. v. PARKER et al.

*(Supreme Court, General Term, Second Department.    July 2, 1891.)*

1. FRAUDULENT CONVEYANCES—CONSIDERATION.
   In an action by a judgment creditor to set aside certain conveyances by the judgment debtor to his son C. as in fraud of plaintiff, it appeared that the property conveyed did not exceed $50,000 in value. The conveyances were made in pursuance of a prior parol agreement between the debtor and the mother and grandfather of the grantee C., that if the debtor should procure deeds of the property, and convey the same to C., when he became of age, then the mother and grandfather would release claims held by them against the debtor, aggregating $13,000. Part of the property was subject to a mortgage for $10,000. C. had advanced to his father $4,250, and, as a further consideration for the conveyances, gave a mortgage on the property to secure a debt of $30,000 owed by the debtor (C.'s father) to a third person. *Held*, that the conveyances were made for an adequate consideration, and were not fraudulent as to plaintiff.

2. MORTGAGES—FOR BENEFIT OF THIRD PERSON.
   A mortgage given to the cashier of a bank in his individual name, for a debt due the bank, is a valid security in favor of the bank.

3. TRIAL—FINDINGS—REFUSAL OF REQUESTS.
   Where several requests to find are refused, it is not error to mark the refusal on each request separately.

4. SAME—EFFECT OF REFUSAL.
   A refusal of a request to find is not equivalent to a finding to the contrary.

Appeal from special term, Westchester county.

Action by the Lawrenceville Cement Company against S. Webber Parker, Charles Warren Parker, and Edward Burns, to set aside two deeds from S. Webber Parker to Charles Warren Parker, and a mortgage for $30,000 from Charles Warren Parker to Edward Burns. It appeared that S. Webber Parker, being indebted to Tabor Warren, his father-in-law, and to his wife, entered into a parol agreement with them by which he was to procure deeds of the land in question, and convey the same to Charles Warren Parker when he should become of age. It also appeared that Charles Warren Parker had advanced to his father, S. Webber Parker, $4,250, and that part of the land was subject to a mortgage of $10,000. The market value of the land conveyed

was about $50,000. The conveyances to Charles Warren Parker were made in consideration of the parol agreement between the grantor and said Tabor Warren and the grantor's wife; that they would release their claims against him if he would make such conveyance. A further consideration was the sum of $4,250 advanced by Charles Warren Parker to the grantor, and the execution by Charles Warren Parker of a mortgage of $30,000 to defendant Burns, to secure a debt owed by S. Webber Parker to the American Exchange National Bank, of which Burns was cashier. The court found that the conveyances were made for valuable consideration, without any fraudulent intent, and that the mortgage to Edward Burns was a valid lien, and that the American National Exchange Bank was the lawful owner and holder thereof. From a judgment dismissing the complaint, with costs, plaintiff appeals.

Argued before BANRARD, P. J., and PRATT, J.

*Arnoux, Ritch & Woodford*, for appellant. *B. Doran Killian*, for respondent S. Webber Parker. *Wilson Brown, Jr.*, for respondent Charles Warren Parker. *Billings & Cardozo*, for respondent Edward Furns.

PRATT, J. We think the evidence in this case justified the learned trial judge in his conclusion that there was no intent to hinder, delay, or defraud S. W. Parker's creditors by any party. There were divers claims against S. W. Parker which were released in consideration of his conveyance to C. W. Parker, and the latter, as another element of the consideration, gave his bond for $30,000, and his mortgage to Burns covering the premises, to secure this $30,000, which the grantor actually owed to the American Exchange Bank, of which Burns was cashier. Burns accepted this mortgage for the bank, with its privity and discount, pursuant to a previous *bona fide* arrangement made between it and the Parkers. We see no difficulty in recognizing this mortgage as a valid security in favor of the bank, though it was given to Burns in his own name. *Price* v. *Brown*, 98 N. Y. 388, was a case where a mortgage was given to a mortgagee for $50,000, of which $5,000 was for the benefit of another, and the court enforced the implied trust, although it was made out wholly by parol proof. At all events, we fail to see how this question concerns the plaintiff. It was not harmed in any way. There was a $30,000 debt to the bank by the elder Parker, which has been secured by his grantor pursuant to a previous *bona fide* agreement. We are not disposed to interfere with this decision because the trial judge refused all of the plaintiff's requests, or propositions of facts, in a single sentence, instead of marking his refusal against the margin of each one singly. That was a refusal of each singly. If any refusal was erroneous, the error may be pointed out, and is available for plaintiff, quite as certainly under this form of refusal as if the trial judge had dealt with each one separately. But no such error has been pointed out. The proposition that the findings are inconsistent is too fanciful to be real. It is based on theory. Indeed, it is plainly argued, as a general proposition, that the legal effect of a refusal to find is to find the contrary. We cannot assent to this proposition. A judge may properly refuse a proposition because the fact has been already found, either upon the adversary's propositions or in the decision itself. There is no inconsistency in such a record. So, too, it may be refused because it was immaterial. The trial judge is not bound to state the reasons for a refusal. It is enough if his refusal may be fairly justified, in any view of the case. We have examined the exceptions to the judge's rulings during the trial, and see no occasion to question their propriety. The admission of the Warren release, although executed after the suit was commenced, did no harm. The bargain had been previously made that Warren would release S. W. Parker if he would convey to C. W. Parker, and the grantor was, in law, released the moment he accepted the offer by making the conveyance. The writing was merely a performance of the oral agreement. The real question was whether or not the oral bargain

was in fact made, and that is covered by the finding that it was made, and that there was no fraudulent intent. Nor do we find any matter which seems to be worthy of serious consideration in the refusal to strike out a part of S. W. Parker's answer. The facts were all developed, so that, even if there was any technical misstatement, it was corrected. The other alleged errors concerning which complaint is made have been already incidentally considered.

The judgment must be affirmed, with costs to each respondent.