## CAMPBELL *v.* CAMPBELL.

*(Common Pleas of New York City and County, General Term.   November 4, 1891.)*

1. SURVIVING PARTNER—ACCOUNTING—EVIDENCE.

   On the death of a member of a firm, defendant, surviving partner, accounted with plaintiff, administratrix of the deceased partner, by which it appeared that decedent's interest in the firm after payment of debts was of the value of $3,561.06. Plaintiff then desired to be substituted as partner in place of her deceased husband, to which defendant objected. About two years afterwards plaintiff executed an instrument under seal, acknowledging receipt of $3,561.06 in full satisfaction of her intestate's interest in the estate, and transferring all of such interest to defendant. Plaintiff, in her inventory, stated the value of such interest at $3,561.06, and settled with a distributee of intestate on that basis. *Held*, in the absence of any evidence of fraud on the part of defendant, that plaintiff was not entitled to maintain an action against defendant thereafter for a further accounting.

2. SAME—CONCEALMENT OF ASSETS—GOOD-WILL—LEASE.

   In such case, the fact that no allowance was made for the value of the good-will of the business and of an unexpired lease of the firm's place of business could not be relied on as evidence of a fraudulent concealment of assets by defendant, such property being in its nature incapable of concealment, and there being no evidence that the parties at the time of settlement considered them of any value whatever.

3. SAME—FINDINGS OF FACT—SUFFICIENCY.

   The trial judge found "that according to the testimony of P., " a witness, the assets of the firm at the time of intestate's death were about $30,000. *Held*, that such finding was not a finding of fact within Code Civil Proc. N. Y. § 1022, which provides that the court "must state separately the facts found, " and amounted to nothing more than a statement that witness testified as therein set forth, and could not be relied on as showing fraud in defendant's representing to plaintiff that such assets amounted to $19,668.95 only.

4. SAME—EMPLOYMENT OF SAME ATTORNEY.

   Nor could the fact that plaintiff and defendant, for the purposes of accounting, were represented by the same attorney, raise a presumption of fraud on the part of defendant.

5. CONSTRUCTIVE FRAUD—RELATIONS OF PARTIES—SURVIVING PARTNER AND ADMINISTRATOR OF DECEASED PARTNER.

   The relation of a surviving member of a firm towards the personal representative of a deceased partner is not of that confidential class—such as client and attorney, guardian and ward—as imposes upon the surviving partner the burden of showing the fairness of a settlement between himself and the personal representative of the deceased partner.

Appeal from special term.

Action by Mary Campbell, administratrix of John Campbell, a deceased partner, plaintiff, against Bernard Campbell, defendant, surviving member of the firm, for an accounting, and to recover the value of the deceased partner's interest in the copartnership assets. From a judgment for defendant, dismissing the complaint, plaintiff appeals.

Code Civil Proc. N. Y. §§ 1022, 1023, provide that "the decision of the court * * * upon the trial of the whole issue of fact must state separately the facts found." "Before the decision * * * the attorney for either party may submit, in writing, a statement of the facts which he deems established by the evidence, and of the rulings upon questions of law which he desires the court or the referee to make."

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Booraem, Hamilton & Beckett, (William H. Hamilton,* of counsel,) for appellant.   *James Flynn, (E. H. Benn,* of counsel,) for respondent.

BISCHOFF, J.   Upon the death of John Campbell, the defendant, as the surviving member of the firm of John Campbell & Co., became entitled to the possession of the copartnership assets and effects for the purpose of closing up its affairs, subject, however, to the right of the personal representative of the deceased partner to demand an accounting, and to have paid or delivered to her the share to which such deceased partner would have been entitled after the discharge of all partnership liabilities and obligations.   Story,

Partn. § 344; *Evans* v. *Evans*, 9 Paige, 178; *Stewart* v. *Robinson*, 115 N. Y. 328, 343, 22 N. E. Rep. 160, 163; *Beste* v. *Burger*, 17 Abb. N. C. 166, 167. Such an accounting was found to have been had between the parties to this action, and this finding is amply supported by the evidence.    It is admitted by the plaintiff that shortly after John Campbell's death—about July, 1880— the defendant told her that John Campbell's interest was worth about $3,500, but that he did not exhibit to her any statement of account.    Defendant, however, was positive that he had prepared a statement of account, and exhibited it or a copy thereof to the plaintiff.    In this he was corroborated by Murphy, a witness for the defense, who testified that the matter of adjusting the interest of John Campbell in the assets of John Campbell & Co. was talked over between the parties to this action in his presence; that a statement of account was exhibited to the plaintiff, from which it appeared that John Campbell's interest was worth about $3,560; that plaintiff did not dispute the account, she appearing only to desire to be substituted as the partner of the defendant in her husband's place, and that the business be thus continued, to which the defendant objected.    The defendant was further corroborated by the facts that about two years later—in July, 1883—the plaintiff, by an instrument under her hand and seal, acknowledged the receipt of the sum of $3,561.06 in full satisfaction of John Campbell's interest in the copartnership property, and released and conveyed all of said interest to the defendant; that she had rendered to the surrogate a sworn inventory of the property of her intestate, stating the value of his interest in the copartnership property to be $3,561.06; and that upon the footing of that inventory she had settled with one of the children of John Campbell, who was entitled to a distributive share of her father's estate.    Neither the execution of the release and conveyance nor the making of the inventory and settlement was denied by the plaintiff, her only statement with reference to these matters being that she reposed confidence in her attorney, and signed whatever he wanted her to sign without reading, although she admitted that she was not illiterate.    Besides, defendant's witness Murphy testified that plaintiff had knowledge of the contents of the papers at the time of their execution by her.    The account of 1880 thus became an account stated, the rule being that, where an account showing a balance is duly rendered, the person receiving it is bound within a reasonable time thereafter to examine the same, and object thereto if he disputes its correctness; and, if he acquiesces in the account rendered without examination, or omits to dispute its correctness within a reasonable time after its rendition, he is bound and concluded by it, unless it be impeached for fraud or mistake; and, if so impeached, the burden of proving such fraud or mistake is upon him who alleges it; nor, in the absence of proof of such fraud or mistake, is he entitled to a further accounting concerning the same subject-matter.    *Lockwood* v. *Thorne*, 11 N. Y. 171; Pom. Eq. Jur. § 1421.    It follows, therefore, that unless the plaintiff has successfully impeached the account of 1880 for fraud or mistake, the judgment denying a further accounting concerning her intestate's interest in the copartnership assets was proper.

For affirmative proof of fraud or mistake the appellant relies upon the fact admitted by the defendant that at the time of rendering the account no allowance was made for the value of the good-will of the business and of John Campbell's interest in the unexpired lease of the firm's place of business, of which two years remained.    But the fact alone that no allowance was made for the lease or good-will cannot be made a valid ground for the imputation of fraud or mistake.    For aught that appears, the parties did not at the time consider these things of any value whatever.    The existence of a lease of the copartnership property and the good-will of the business must have been as apparent to the plaintiff as to the defendant.    The nature of this species of property precludes the possibility of its concealment, and it nowhere appears that defendant made misrepresentations concerning it.    The good-will con-

sisted of the right to continue the business at the place where it was conducted by the late firm, and to the use of the firm name. The copartnership articles containing no provision to the°contrary, the right to the continued use of the firm name became the exclusive property of the defendant on the death of his partner, (*Blake* v. *Barnes*, [Sup.] 12 N. Y. Supp. 69, affirmed, page 354; *Caswell* v. *Hazard*, 121 N. Y. 484, 24 N. E. Rep. 707;) and the laws of this state (Laws 1833, c. 281; Laws 1854, c. 400) prohibit the use of the firm name by any persons other than the members of the firm or their assigns or appointees. Manifestly, then, the firm name was of no value to the plaintiff, and whether the unexpired term of the copartnership lease, independently of the right to continue the use of the firm name, had any value whatever over and above the rent reserved, is, in the absence of proof of value, a mere matter of conjecture.

We have not overlooked the finding of the learned trial judge, "that, according to the testimony of Patrick Keeny, the St. Louis member of said firm of Campbell & Keeny, the assets of said firm over liabilities at the time of John Campbell's death in July, 1880, were about $30,000," etc. This is claimed to be relied upon by the appellant as convicting the defendant of willful fraud and deliberate misrepresentation when at the time of the accounting he stated such assets to be of the value of $19,668.95 only. We decline, however, to consider this finding to be anything more than a statement that the witness testified as therein set forth, but this is far from saying that what the witness did testify to was the fact. To have validity, the finding must appear to have been made upon all the evidence, and not upon a part of the evidence to the exclusion of the rest. The alleged finding is not a finding of a fact in issue, within the meaning of sections 1022 and 1023 of the Code of Civil Procedure, and many, if not nearly all, of plaintiff's proposed findings are open to the same objection. But it is urged for the appellant that, conceding the evidence does not affirmatively prove fraud, the transactions between plaintiff and defendant were presumptively fraudulent— *First*, because for the purposes of the accounting they were represented by the same attorney; *secondly*, because the plaintiff reposed confidence in the defendant, and relied upon his statement of the condition of the copartnership affairs and the value of John Campbell's interest in its assets and property; and, *thirdly*, because of this presumption of fraud it was incumbent upon the defendant to rebut it by proof of fairness of the transactions, on the failure of which the plaintiff was entitled to judgment. To the first of these propositions we answer that it is admitted by plaintiff that she was aware of the fact at the time of the accounting that Murphy, the attorney, was acting for her and the defendant, and that she raised no objection thereto. In such a case there appears to be no good reason for impeaching the transaction without proof of actual fraud, and so it has been expressly held in *Joslin* v. *Cowee*, 56 N. Y. 626. See, also, Weeks, Attys. § 265. The second proposition is equally untenable. The relation of the surviving member of a firm towards the personal representative of a deceased partner, which the law creates, is not of that confidential class to which, by the policy of the law, the doctrine of constructive fraud is applicable, and by means of which any transaction between the parties is tainted with a presumption of fraud against the person in whom for the time being confidence and trust are reposed. The surviving partner, as such, is avowedly possessed of individual interest in the copartnership affairs, the right to protect which is not withdrawn from him, and this fact is known to the personal representative of the deceased partner. With this knowledge of the surviving partner's incompatible position, the personal representative of the deceased partner is placed on his guard, and there does not appear to be any sound reason for permitting him to complain, except upon proof of actual fraud. Moreover, the class of persons whom the law seeks to protect against imposition, or against their own improvidence,

by regarding transactions as against themselves constructively or presumptively fraudulent when between them and another owing to them the discharge of duties resting in trust and confidence, comprehends only persons towards whom such other party to the transactions sustains a personal, intimate relation, which for the time being precludes the probability that he is subserving his own self-interest, such as a client and his attorney, a patient and his physician, or a ward and his guardian, by means of which relations the person in whom the trust and confidence are reposed has opportunity for unduly influencing the mind or conduct of the other to secure his own advantage. The judgment should be affirmed, with costs. All concur.