BENJAMIN *v.* NEW YORK EL. R. CO. *et al.*

*(Supreme Court, General Term, First Department.* February 18, 1892.)

1. ELEVATED RAILROADS—BENEFITS TO PROPERTY—FINDINGS—INFERENCES.
    A referee found that defendants' elevated railway station brought a great number of people into the street opposite plaintiff's premises, and increased the traffic there, but refused to find that those facts were of special benefit to plaintiff. *Held*, no error, the referee not being bound to find inferences from his findings of fact.

2. SAME—INSUFFICIENT OBJECTION TO TESTIMONY.
    Where part of the answer of a witness was responsive and part not so, the court properly overruled a motion to strike out the whole answer.

3. SAME—EVIDENCE.
    The referee properly allowed one of plaintiff's witnesses to state the reasons why he (witness) changed his building in the same street into an hotel, both being affected by defendants' road, and the reasons given tending to corroborate plaintiff's evidence as to the manner in which her premises were injured.

Appeal from judgment on report of referee.

Action by Caroline A. Benjamin against the New York Elevated Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Davies & Rapallo, (Julien T. Davies* and *J. C. Thomson*, of counsel,) for appellants. *Sackett & Bennett, (Charles Gibson Bennett*, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought by the owner of premises on Third avenue to restrain the operation of the defendants' elevated railroad in front thereof, and resulted in a judgment requiring the defendants to pay the

sum of $1,700 in exchange for the conveyance of the easements appropriated by them, and allowing the plaintiff to recover from the defendants $646 for past rental damages. The ground upon which the appeal is based is that the referee erred in refusing to find that the proximity of defendants' station at Twenty-Eighth street was advantageous to the business portion of the premises in suit, and produced a special benefit to the same for business purposes. The referee did find that the presence of defendants' station at Twenty-Eighth street brought a large number of persons daily into Third avenue, in the immediate neighborhood of the premises, and increased the traffic on said avenue at that point; but refused to find, as requested, that "the fact of the proximity of defendants' said station at Twenty-Eighth street to the premises in suit is advantageous to the business portion of said premises, and produced a special benefit to the same for business purposes," and an exception was taken to this refusal to find.

We do not see that any error was committed by the referee in this refusal, as it appears that the finding requested was not one of fact, but an inference to be drawn from facts which he had already found. We do not understand that the referee is bound to find, as an additional finding of fact, an inference which may be drawn from established facts which he has found.

It is further objected that the referee erred in permitting a witness to express his opinion as to the number of vacancies in houses on Third avenue, as compared with houses on streets and avenues where there is no railroad. Upon examination of the evidence, we do not think that this objection is well taken, in that the witness did not testify as to his opinion, but gave evidence as to facts resulting from his knowledge of the occupation of the houses in the neighborhood.

It is urged that the referee erred in permitting a witness to testify as to the relative course of values on Third avenue and on other streets and avenues. In respect to this objection, it is sufficient to say that it is not raised by any exception taken upon the trial. The testimony related particularly to the course of values on Lexington avenue, and the objection taken was upon the ground that the values upon Lexington avenue were not in issue, and therefore not a proper subject of opinion. The claim that is now made for the purpose of establishing error in the rulings of the referee, viz., that the testimony was the expression of the conclusion of the witness, and therefore incompetent, was not taken before the referee. It cannot, therefore, be availed of upon this appeal.

The claim of error in the denial of the motion to strike out the answer of the witness as to the amount of business he would do if the elevated railroad were not in front of the premises was not well founded, because the motion was too broad. The witness was asked the question: "Did you observe any effect on your business there owing to the presence of the elevated railroad, on your liquor business? *Answer.* Yes, sir. If the railroad was not there on Third avenue I would be taking $100 a day more than I am now." The counsel for the defendants objected to the answer as not responsive to the question, and as stating a conclusion, and moved to strike it out. The motion was denied, and an exception taken. It is claimed that the witness ought to have stopped after the words, "Yes, sir," and that the rest was a gratuitous assertion, and ought to have been ruled out by the referee. But the difficulty with the motion was that it asked the referee to strike out the whole answer, and, as the result, the motion was rightfully overruled.

Neither is the objection that the referee erred in permitting a witness to state the reasons why he changed his building to an hotel well taken. It may be that the witness' premises were not exactly similarly situated to those of the plaintiff in this action. But they were affected by the railroad operated by the defendant, and were in the same street, and therefore evidence as to the effect of the railroad upon them tended to corroborate the evidence as

to the manner in which the plaintiff's premises were injured by the mainte-
nance and operation of the defendants' railroad.   We are of opinion, therefore,
that the judgment appealed from should be affirmed, with costs.   All concur.