## BARRETT *v.* MANHATTAN RY. Co. *et al.*

*(Supreme Court, General Term, First Department.* February 18, 1892.)

1. ELEVATED RAILROADS—DAMAGES TO RENTAL VALUES.
    In an action against an elevated railroad to recover damages for injuries to property from the operation of the road, the rental damages awarded were over 14 per cent. of the fee damages given. The objection was made that the award of rental damages was inconsistent, because exceeding 10 per cent., the general percentage of the value of property charged as rent in the city. *Held* untenable, since it did not appear but that the fee damage was too low.

2. SAME—EVIDENCE—HEARSAY.
    In such action plaintiff was called as a witness on his own behalf. Defendant then called a former tenant of plaintiff, who testified that he had never complained to plaintiff about the dust and cinders of the road. Plaintiff was then recalled, and related conversations of the tenant complaining of the serious injury to his stock of goods from dust and cinders. *Held,* that such conversations were not hearsay, but original evidence for the purpose of impeaching the tenant.

3. SAME—DAMAGES—LEASE EXECUTED BEFORE PLAINTIFF'S PURCHASE.
    The court properly awarded damages to plaintiff for injuries to the use of the premises during the unexpired term of leases covering the property, and executed prior to plaintiff's purchase thereof.

4. SAME—RIGHT TO JURY TRIAL.
    The complaint having been drawn in such manner that the action might be regarded as one at law for a nuisance, or in equity to restrain the continuance of a trespass, and defendant's motion that it be sent to the circuit for trial having been overruled, without a motion on its part to require plaintiff to elect whether to try the case as an action for nuisance or for a trespass, defendant could not object on appeal that it was denied a jury trial.

5. SAME—DAMAGES—TENANCY UNDER PLAINTIFF.
    In such action, damages were properly awarded plaintiff for a time during which the premises were in possession of tenants under written leases.
    VAN BRUNT, P. J., dissenting.

Appeal from special term, New York county.

Action by Thomas Barrett against the Manhattan Railway Company and another to restrain the operation of defendants' roads, and to recover damages for injuries to property thereby occasioned. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Davies, Short & Townsend,* (*Julien T. Davies* and *Arthur O. Townsend,* of counsel,) for appellants. *Peckham & Tyler,* (*E. W. Tyler,* of counsel,) for respondent.

ANDREWS, J.   The court below fixed the amount of the plaintiff's rental damages at the rate of $1,000 a year, from the time he bought the premises, making, with costs, and total money judgment, $3,337.71. The fee damages were fixed at $7,000, and the judgment enjoined the defendant from maintaining its railway, unless such fee damages were paid within 25 days, or unless the easements were acquired within 30 days by condemnation proceedings. From this judgment the defendant appealed, and its counsel present numerous points, upon which it is claimed that a new trial should be granted.

The first point made is that the award of $1,000 per year, as rental damages, is inconsistent with the remainder of the judgment and decision, and unwarranted by the evidence and the facts. The gist of this objection appears to be that real estate in this city usually produces from 8 to 10 per cent. income, and that the loss of annual rental income should not, therefore, have been placed at more than 8 or 10 per cent. on $7,000, which was fixed by the court as the amount of fee damage. So far as the inconsistency is concerned, we fail to perceive the force of the argument, because it might as well be claimed that the fee damage is too low as that the rental damage is too high. So far as the facts proved are concerned, the testimony presents the contradictions always found in actions of this character, and it is very difficult to

determine from such testimony precisely what sums should be allowed, either for rental or fee damage. So far as we can ascertain from the evidence, the findings of the trial court, both as to rental damage and fee damage, are sustained by a fair preponderance of evidence.

The second point raised is that the findings made by the court as to the injury to these premises are unsupported by the testimony on that subject. To sustain this proposition, the learned counsel for the defendant quote in their brief a portion only of the testimony in the case which bears upon the subject of the injury done to the premises, and fail to quote a large amount of other testimony, which is also to be found in the case. While there might be some foundation for the claim that the testimony, on the subject of the injury to the premises, was insufficient to support some of the findings, if that portion only of such testimony which is quoted in the brief of defendant's counsel were considered, we think that, taking all the testimony on that point which is found in the printed case, the findings of the trial court as to the injury done to the premises are amply supported by the evidence.

The third point raised is that the trial judge erred in permitting the plaintiff, Barrett, to go upon the stand, and testify as to alleged conversations had with a former tenant, and in thereafter basing an important finding of fact on the hearsay evidence so admitted. We are of opinion that this point is not well taken. One Libman, a former tenant of the property in question, had been called as a witness for the defendant, and had testified that he had not complained to Barrett about the dust and cinders of the elevated road, and had not refused to pay a higher rent on that ground, and that the presence and operation of such railroad did not in any way substantially interfere with the carrying on of his business. Barrett had been previously called as a witness on his own behalf, and, after this testimony had been given by Libman, Barrett was recalled, and re-examined, and testified that said Libman, in conversation with himself, had at various times complained of the dust and cinders from the road: that they were injurious to his stock,—so much so that in the summer time he had to keep his windows closed, and had to keep the goods always covered, and that was the reason he assigned why he would not pay an advanced rent; and that he did so frequently. Counsel for the defendant objected to the question which elicited this testimony as incompetent, immaterial, and irrelevant, and hearsay; and, after the testimony had been given, moved to strike it out upon the same grounds. Counsel for the plaintiff stated that it was offered simply to impeach the testimony of the witness Libman, and the objection of counsel for the defendant was overruled, and the motion to strike out the testimony denied. We are unable to see that any error was committed. The plaintiff's counsel had the right to recall Barrett to contradict Libman, and the testimony given for that purpose was in no sense hearsay. It is true that the testimony so given, for such purpose, could not be regarded as testimony upon which, disconnected from other testimony in the case, a finding that injury was done by the road could be based; but we are unable to discover that any findings as to the injury done was based upon such testimony, exclusively. The only effect which could properly be given to such testimony, and, so far as we can see, the only effect that was given to it by the trial court, was to discredit the testimony given by Libman on behalf of the defendant.

The next point raised is that the trial court erred in awarding to the plaintiff damages for injury to the use of premises during the unexpired term of leases, covering the entire property, made at a fixed rental before plaintiff acquired title thereto. It was held in *Conkling* v. *Railway Co.*, (Sup.) 12 N. Y. Supp. 846, that loss of rental for a period of six years prior to the commencement of the action could be recovered, although the premises were occupied during that period under a lease given more than six years prior to the commencement of the action. The principle established by that decision ap-

plies to the present case, in which it appears that the period for which the plaintiff has been allowed for loss of rent was included in a lease given before the plaintiff became the owner of the premises. Moreover, it has been repeatedly decided that the owner of property injured by the defendant's road can recover fee damages, although he purchased the property after the road was built. We think the reasoning of those cases applies to a case like the present, where the owner suffers loss of rent by reason of a lease executed before he purchased the property. The doctrine that a continuous trespasser is liable to the owner for fee damages, although such owner may have purchased the property at a lower price because of the existence of the trespass, applies to a case like the present, where the owner has purchased property incumbered by a lease at a low rental, although he may have paid a lower price for the property than he otherwise would because of the existence of such lease. The case of *Hine* v. *Railway Co.*, (Sup.) 13 N. Y. Supp. 510, cited by defendant's counsel, does not apply. All that was decided in that case was that "an action against an elevated railroad to recover damages for trespass committed by it to easements may be maintained by an owner of leased premises where, because of such trespass, he can procure from his lessee only a reduced rent from that which he would have received had the trespass not existed."

The fifth point raised is that the case made out by the plaintiff did not warrant the judgment. The testimony given by the witnesses for the respective parties presents the usual contradictions found in actions of this character, but, as we have already stated, we think the findings as to the nature and extent of the injury done by the defendant are supported by a fair preponderance of testimony.

The sixth point raised is that the trial judge erred in refusing a jury trial to the defendant. Upon the allegations in the complaint, the action might be regarded either as brought to restrain the continuance of a trespass, or for damages. At the commencement of the trial counsel for the defendant moved to strike the case from the special term calendar, and that it be sent to the circuit for trial, on the ground that the defendant was entitled to a jury trial by the constitution and the Code of Civil Procedure. This motion was denied, and defendant's counsel excepted, but no motion was made that the plaintiff should be required to elect whether he would try the case as an action for a nuisance or for a trespass. We are of the opinion that, under these circumstances, the case falls within the decision of this court in the case of *Libmann* v. *Railway Co.*, (Sup.) 13 N. Y. Supp. 378, and that the point is not well taken.

The seventh point is that, the premises having been leased to and in the exclusive possession of tenants holding under written leases, it was error to award damages for alleged injuries to the use of this plaintiff. This point has been decided against the plaintiff in *Hine* v. *Railway Co.*, *supra*, and other cases, and it is not necessary to consider it further. The judgment should be affirmed, with costs.

BARRETT, J., concurs. VAN BRUNT, P. J., dissents.