## STEUBING *v.* N. Y. ELEVATED R. R. CO.

*N. Y. Court of Appeals ; June*, 1893.

1. *Damages.*] In an action by an abutting owner against an elevated railway for an injunction and damages,—*held*, that in computing the sum to be paid by defendant for plaintiff's property rights in the street, plaintiff was not entitled to recover anything for the easements taken by the railway, aside from any damage to his land.

2. *New trials.*] It is not prejudicial error in such a case, for the referee to refuse to specifically so find, where his findings as to plaintiff's damage show that no allowance is made for the easements as detached property, but that the entire amount for the fee damages is for the consequential damages to the lots.

3. *Reference ; requests to find.*] The referee in such an action is not required to find as to the effect of defendant's station in increasing the street traffic in the immediate neighborhood of plaintiff's premises, or the advantage derived therefrom by the business portion of the premises ; as such facts are not vital or controlling, but merely evidence to be considered by the referee in making his determination as to the damages.

4. *The same.*] Defendants requested the referee if he refused to find the facts as requested, to find the same matters as conclusions of law, and if he refused to find the law as requested, to find the same matters as facts ; and also stated that "each sentence of each proposed finding is prepared separately as if separately numbered."—*Held*, that this practice is not to be tolerated ; the proper practice requires that a request to find either facts or law should be plainly stated in a single proposition, the whole of which can be granted or refused, and any modification of the request to find should be left to the discretion of the trial judge or referee.*

Appeal from a judgment and order of the General Term of the Supreme Court in the First Department,

---

* For explanations as to the practice in drawing findings and requests to find, and settling the findings for judgment, see notes in 22 *Abb. N. C.* 8 ; 23 *Id.* 282 ; 27 *Id.* 202, 217, and 29 *Id.* 260, and a further note at the end of this case.

affirming a judgment of that court entered upon a report of a referee.

The action was brought by Henry Steubing against the N. Y. Elevated Railroad Company and the Manhattan Railway Company to restrain the further maintenance and operation of defendants' elevated railroad in front of plaintiff's premises, Nos. 900 and 902 Third avenue, and incidentally to recover damages already thereby sustained plaintiff.

The further facts are fully stated in the opinion.

*Julien T. Davies* and *Arthur O. Townsend* (*Davies, Short & Townsend*, attorneys), for appellants.

· *Henry G. Atwater* (*Cannon & Atwater*, attorneys), for respondent.

EARL, J.—The complaint in this action, which is in the usual form for such actions by abutting owners against the elevated railroad companies, relates to two lots, numbers 900 and 902, on Third avenue. The referee awarded for number 900 rental damages $2,160, and fee damages $2,600; and for lot 902 no rental damage, and fee damages $2,600. The defendants' sole complaint now is that the referee erroneously refused to make certain findings of fact and law requested by their counsel, and the following requests to find facts are specified :

"*Fifteenth.* The easements, if any, appurtenant to the land described in the complaint, and taken for the said railway uses, aside from any damage to said land from the said taking, have in themselves only a nominal value."

"*Thirty-first.* The presence of defendants' railway and station, at Fifty-third street, brings a large number of persons daily into Third avenue in the immediate neighborhood of the premises in suit, and increases the traffic in and upon said avenue at this point. Said premises.

Steubing *v.* N. Y. Elevated R. R. Co.

would not be worth as much as they are now had the said railway station not been built."

"*Thirty-second.* The existence of said station and railway, and the maintenance and operation of the same, have rendered the premises in suit accessible to other parts of the city of New York. Said premises would not be worth as much as they now are were said railway and station removed."

"*Thirty-third.* The effects of the proximity of defendants' station at Third avenue and Fifty-third street to the premises in suit is advantageous to the business portion of said premises, and produces a special benefit to the same for business uses."

"*Thirty-fourth.* The special benefits accruing to the business portion of said premises from said railroad station are equal to and offset any disadvantage to the dwelling apartments in said premises accruing from the maintenance and operation of said railroad."

And our attention is called to the refusals of the following findings of law requested:

"*Tenth.* The damages, if any, to the use of the premises included in any recovery in this action should be computed with respect to the actual condition of said premises, and the uses to which the same have actually been put during the period for which said damages, if any, are awarded.

"*Eleventh.* In estimating damages, if any herein, the benefits accruing to said premises, and peculiar thereto, from the maintenance and operation of said railway, should be set off against any inconveniences resulting from said railway to said premises."

"*Fifteenth* The defendants should not be required to pay for the easements in question, as a condition of avoiding the operation of any injunction herein, any greater sum than one sufficient to compensate plaintiff for the injuries caused by the perpetual taking of the easements.

aforesaid for the maintenance of defendants' railway, as at present maintained."

"*Sixteenth.* The sum fixed which the defendants may pay to obviate the injunction herein should not be greater than the value of so much of the easements of light, air and access appurtenant to plaintiff's premises as are impaired by the defendants' railroad; and excluding all other incidental injuries to the fee value of said premises resulting from the acts of the defendants."

The fifteenth finding of fact requested should have been found, as we have held in several recent cases. But in order to determine whether any prejudicial error was committed by the refusal to make the finding, we must examine and consider all the findings of facts, among which are the following:

"*Thirty-first.* By reason of the construction, maintenance and operation of the said railroad opposite to the said described premises, No. 900 Third avenue, the plaintiff has sustained damages in loss of rentals from the 6th day of June, 1884, to the 6th day of June, 1890, the date of the commencement of this action, in the sum of $2,160."

"*Thirty-second.* The permanent or fee value of the said premises, No. 900 Third avenue, has been diminished by the construction and maintenance of said railroad opposite to the said premises to the extent of $2,600."

"*Thirty-third.* The permanent or fee value of the said described premises, No. 902 Third avenue, has been diminished by the construction and maintenance of said railroad opposite to the said premises to the extent of $2,600."

These findings show that no allowance was made for the easements as detached property, but that the entire amount for the fee damages was for consequential damages to the lots, and the proper rule of law appears to have been applied.

The thirty-first finding of fact was properly refused, if for no other reason, on account of the last clause contained

Steubing *v.* N. Y. Elevated R. R. Co.

therein, to wit, " said premises would not be worth as much as they are now had the railway station not been built." The referee could properly refuse to find this, as there was abundant evidence that the value of the premises was not increased on account of the construction and maintenance of the elevated railroad. It may be that the railroad being there the existence of the station lessened the damage to the plaintiff's premises. But the effect of the station was merely one of the facts to be considered by the referee in making his determination as to the damages. It was not vital or controlling ; it was mere evidence as to which he was not bound to make a finding. It does not appear that he did not give due weight to the proximity of the station.

A practice seems to have grown up in this class of cases which must be somewhat embarrassing to the trial courts. The defendants made forty-seven requests to find facts and twenty-four to find conclusions of law, and requested the referee, if he refused to find the facts as requested, to find the same matters as conclusions of law, and if he refused to find the law as requested, to find the same matters as facts. This is not all. They stated that " each sentence of each proposed finding is prepared separately as if separately numbered." This is a practice not to be tolerated. The large number of requests are generally quite embarrassing to the court. But when the same matter is requested to be found both as facts and law, it duplicates all the specific findings requested, and the number is still largely increased when every sentence is also requested to be found both as fact and law. Such a practice is not needful for the protection of the rights of any party, and the tendency must be to ensnare the trial judge and frequently to defeat the ends of justice by introducing mistakes, confusion and uncertainty into the records of cases brought up for review. Proper practice requires that a request to find either facts or law should be plainly stated in a single proposition, the whole of which

can be granted or refused, and any modification of the requested finding should be left to the discretion of the trial judge. But as to the thirty-first finding of fact requested, the referee refused it as a whole, and the defendants excepted to the refusal as a whole, and hence they cannot complain of error unless the entire request as a whole was proper; and that it was not we think has been shown.

The thirty-second finding of fact requested was properly refused. The first sentence thereof is a mere statement of evidence not disputed or disputable, which the referee was not bound to find, and the last sentence does not rest upon undisputed evidence. Therefore, the referee, for reasons above given, was not bound to make the finding.

As to the thirty-third request, it may be said that the effect of the proximity of the station to the plaintiff's lots was not the subject of inquiry. The matter to be determined was the effect upon the plaintiff's lots of the construction and maintenance of the railroad in front of the lots, and in determining that the referee was bound to take into consideration the proximity of the station, and all the other facts bearing upon the matter. It cannot be perceived that any harmful error was committed in refusing this request.

The thirty-fourth request was not founded upon undisputed evidence, and the referee could properly upon the evidence refuse it.

As to the tenth, eleventh, fifteenth and sixteenth requests for findings of law, it is sufficient to say that it is obvious from the findings actually made, that the law was applied as requested, and that the damages awarded appear to have been estimated upon the proper basis.

There is considerable difficulty attending the trial of this class of cases, and a judgment should not be reversed if upon the whole record we can see that no harmful error was committed, and that the proper principles of law were not misapprehended or misapplied.

The judgment should be affirmed, with costs.

All the judges concurred.

Judgment accordingly.

NOTES OF RECENT CASES ON THE NECESSITY, FORM, AND EFFECT OF REQUESTS TO FIND, AND OF FINDINGS OF FACT AND OF LAW.

*Complex request may wholly be refused if part might be.*] Butler *v.* City of Oswego. 56 *Hun*, 358; S. C., 32 *State Rep.* 456; 10 *N. Y. Supp.* 358. In an action to recover moneys paid to redeem from a tax sale made in 1865 on the ground of erroneous assessment, there was no proof that the person assessed was not the owner, nor was it shown whether the property was occupied or not. There was some proof that the person assessed was a non-resident. The court was requested to find that such person " was not in the year 1864, nor at any time either the owner or occupant of the property and was not at any time a resident of the city of Oswego," and refused to so find. *Held*, that the refusal was proper, as the request as to non-residence was connected with other facts which the court, under the evidence, could not find, and that an exception to such refusal did not raise the question of error in refusing to find as to the fact of non-residence alone.

Davis *v.* Leopold, 87 *N. Y.* 620. Where a request to find presents more than one proposition, a referee is not bound to analyze it and pass upon the several separately, but may refuse to find the whole request if a part is improper.

*Refusal to find not equivalent to a contrary finding.*] Lawrence-ville Cement Co. *v.* Parker, 39 *State Rep.* 864; S. C., 15 *N. Y. Supp.* 577. A refusal to find as requested is not equivalent to a finding to the contrary.

The court say: " A judge may properly refuse a proposition because the fact has been already found either upon the adversary's propositions or in the decision itself. There is no inconsistency in such a record. *So, too*, it may be refused because it was immaterial if the trial judge is not bound to state the reasons for a refusal. It is enough if his refusal may be fairly justified in any view of the case."

*No facts in case of failure of proof.*] Lugar *v.* Byrnes, 29 *Abb. N. C.* 280. A referee upon the trial of an action dismissed the complaint at the close of plaintiff's evidence for failure of proof;

and in his report, without finding as to the facts, made only conclusions of law to the effect that there was no evidence to support the allegations of the complaint, and directed judgment for defendant not on the merits. *Held*, upon denying plaintiff's motion to send back the report to have findings of fact included, that the referee was not required to find as to the facts, because none were proven.

*Finding admitted allegations.*] Conkling *v.* Manhattan R. R. Co., 36 *State Rep.* 124 ; s. c., 12 *N. Y. Supp.* 846. A finding of facts in the language of an allegation of the complaint that is not denied in the answer is proper.

*Finding evidence or reasons.*] Conkling *v.* Manhattan R. R. Co., 36 *State Rep.* 124 ; s. c., 12 *N. Y. Supp.* 846. In an action by an abutting owner against an elevated railway,—*held*, that it was not error to refuse defendant's request to find that a neighboring station enhanced the value of the premises ; the trial judge is not bound to find evidence, nor bound to disclose the processes of thought or the special considerations which led him to find the salient fact.

Collins *v.* Hydorn, 34 *State Rep.* 574 ; s. c., 12 *N. Y. Supp.* 581 ; aff'd, without opinion, in 124 *N. Y.* 641. Where, in an action by a judgment creditor to set aside a conveyance as in fraud of creditors, the court found that the conveyance was not fraudulent, its omission to find various facts of evidence claimed by plaintiff to show fraud, is not ground for reversal.

*— or items.*] Sidenberg *v.* Ely, 90 *N. Y.* 257 ; s. c., 11 *Abb. N. C.* 354. A refusal of the court to find the several items constituting the sum found due in a foreclosure suit is not error, the general finding covers them and it is not necessary to state them specifically.

*Inference from facts found.*] Benjamin *v.* N. Y. Elevated R. Co., 44 *State Rep.* 538 ; s. c., 17 *N. Y. Supp.* 908. Action by an abutting owner to restrain the operation of an elevated railway in front of his premises. The referee found that the presence of defendant's station brought a large number of persons into the immediate neighborhood of the premises and increased the traffic of the street, but refused to find that the station was advantageous to the business portion of the premises. *Held*, that this was no error ; a referee is not bound to find as an additional finding of fact an inference which may be drawn from established facts which he has found.

Durfee *v.* Rump, 3 *N. Y. Supp.* 505 ; s. c., 20 *State Rep.* 833. Action for conversion. It was objected that the facts found by the referee did not sustain his conclusions of law, for the reason that there was no finding that plaintiff sustained damage. The referee found that the property was taken by the defendant, that it was the

property of the plaintiff. and its value, etc. *Held*, that it was not necessary to have a separate and distinct finding, that the plaintiff suffered damage by reason of such taking, for that conclusion must necessarily follow from the facts found.

*Finding qualified by " according to the testimony."*] Campbell *v.* Campbell, 40 *State Rep.* 817 ; s. c., 16 *N. Y. Supp.* 165. A finding that "according to the testimony " of a witness such is the fact, is simply a finding that the witness so testified, and will be disregarded.

The court say : "To have validity the finding must appear to have been made upon all the evidence, and not upon a part of the evidence to the exclusion of the rest."

*Inconsistency in facts.*] Kelly *v.* Leggett, 122 *N. Y.* 633 ; s. c., more fully, 33 *State Rep.* 264. Where a referee's findings of facts are inconsistent, the defeated party is entitled on appeal to the benefit of the finding most favorable to him.

S. P., Wahl *v.* Barnum, 116 *N. Y.* 87.

*Distinction between finding of law and of fact, as to deceit.*] Smith *v.* Smith, 18 *Civ. Pro. R.* 28 ; s. c., 26 *State Rep.* 692 ; 7 *N. Y. Supp.* 193. Action to set aside a deed because of fraudulent representations. The trial court made a finding of fact " that the defendant, by false and fraudulent representations of law and fact, induced the plaintiff to execute a deed conveying said property to the defendant." *Held*, that such finding was insufficient to justify a judgment in favor of plaintiff.

The court say : " We think that there should have been a finding of the words used by defendant or her agent to induce the plaintiff to sign, and that the finding that the defendant by false representations of law and fact obtained the deed, is a conclusion of law, and that therefore no fact is found which establishes any false representations."

*— Mixed fact and law.*] Ketcham *v.* Herrington, 35 *State Rep.* 59 ; s. c., 18 *N. Y. Supp.* 429. A finding of defects in the construction of a building, which with the cost of completion will exceed one-third of the contract price, is inconsistent with a finding that the plaintiff constructed the building substantially in accordance with the contract and specifications, and the two together will not support a conclusion that the plaintiffs are entitled to recover.

The court say : " The objection is suggested that the finding of substantial performance is a finding of fact and not subject to exception. That finding, though coming under the heading of conclusions of fact, is manifestly a mixed conclusion of fact and law. But even if an exception did not lie to the finding denominated one

of fact, the exception to the conclusion of law is sufficient to raise the question whether that conclusion is supported by the findings of fact.

*Inconsistent conclusion of law may be surplusage.*] Knox *v.* Metropolitan El. R. Co., 58 *Hun,* 517 ; S. C., 36 *State Rep.* 2 ; 12 *N. Y. Supp.* 848 ; aff'd without opinion, in 128 *N. Y.* 625. A judgment will not be reversed because of inconsistent conclusions of law where the judgment directed to be entered is in accordance with the correct conclusions of law on the facts found.

Welsh *v.* Manhattan El. R. R. Co., 29 *State Rep.* 511 ; S. C., 8 *N. Y. Supp.* 492 ; 57 *Super. Ct.* 408. Action by an abutting owner against an elevated railway for injunction and damages. The court found as a fact that the trespass committed by defendant had diminished the rental value of plaintiff's premises a specified amount ; and also found at defendant's request that "the evidence did not establish any definite amount of damage for which any judgment can be rendered. *Held,* that the latter finding was a mere conclusion of law, and could not affect or overrule the correct conclusion of law that the plaintiff was entitled to judgment for the amount of damage the court had found as a fact. The court say : "As to what the evidence does or does not establish is a conclusion and not a fact."

*Conclusion of law does not imply necessary fact not found.*] Robbins *v.* Mount, 55 *Hun,* 80 ; S. C., 28 *State Rep.* 472. Creditor's action to set aside a fraudulent conveyance. It appeared from the referee's finding of facts that the conveyance was made upon a good and valid consideration, but the referee as a conclusion of law found that it was fraudulent. *Held,* that such conclusion of law was insufficient to support a judgment for plaintiff in the absence of any conclusion of fact that the transfer of the property was made in fraud of creditors.

*Misplaced finding.*] Matter of Clark, 119 *N. Y.* 427 ; S. C., 29 *State Rep.* 682. Although a referee, in his report, places a finding of fact among his conclusions of law, this does not, upon appeal, deprive it of its force as a finding of fact. *So held,* where a referee, in a proceeding in the surrogate's court to compel the representatives of a deceased executor to account, stated as a conclusion of law that the funds belonging to the estate of which deceased was executor are presumed to have come into the possession of his executrix.

*No exception to finding of fact, unless wholly without evidence.*] Healy *v.* Clark, 120 *N. Y.* 642 ; S. C., 30 *State Rep.* 897. A finding by the court or referee, made without any evidence to sustain it, is

a ruling upon a question of law, and an exception may be taken thereto, which is reviewable here; but if there is evidence tending to sustain the finding, it is a ruling upon a question of fact and no exception can be taken.

*Exception essential if there is no evidence.*]  Naser *v.* First National Bank, 116 *N. Y.* 492; S. C., 27 *State Rep.* 670. An exception is essential to raise a question of law, and while for that purpose an exception to a finding of fact may be effectual where there is no evidence to support the finding, if there is no exception it is not the subject of review in the court of appeals.

*Exception must point to vital error.*]  Baldwin *v.* Doying, 114 *N. Y.* 452. To make exceptions to a refusal of a referee to find a fact a sufficient ground for a reversal, it must appear that had he found as requested the result would have been affected.