Rapallo, J.
 

 This action was tried by a referee, and the judgment of reversal does not state that the judgment was reversed on questions of fact. It must, therefore, be assumed here that it was reversed on questions of law only. (Code, § 268.)
 

 Ho error of law appears upon the face of the findings and conclusions of the referee. He finds as a fact that the note in suit was made and delivered wholly without consideration. The note not being negotiable, this was a good defence to it, whether sued upon by the payee or an assignee of the payee, and warranted a dismissal of the complaint. Ho facts are found by the referee, which would enable us to pass upon the question of consideration as a question of law; and, as it is not stated in the judgment of reversal that it was rendered upon questions of fact, we have no right to refer to the evidence for the purpose of determining whether it should have been reversed upon the facts.
 

 Consequently, if there were no exception in the case other than those taken to the findings and conclusions of the referee, we should be obliged to hold that no error of law appeared upon the record, and that the judgment was improperly reversed.
 

 But on examining the proceedings at the trial, it appears that at the close of the plaintiff’s evidence, the defendants’ counsel moved for a nonsuit on the plaintiff’s case, which the referee, after due consideration, granted, and to which the plaintiff’s counsel duly excepted, and that the referee afterward made the findings which appear in the report.
 

 This decision, and the exception thereto taken at the trial, raise a question of law upon which it was competent for the court below to reverse the judgment, if the decision of the referee was erroneous.
 

 In making this decision, the referee must have held, as
 
 *316
 
 matter of law, that there was no evidence whatever of any consideration for the note, or that the want of consideration was conclusively established, and that it would have been beyond his legal power to find for the plaintiff on that issue.
 

 In this we think he erred. The evidence, though not sufficient to constrain him to find that there was a consideration, was we think, such as would have required the submission of the question to a jury, had the trial been in that form, and would have been sufficient to sustain a finding in favor of the plaintiff. It is impossible to say that the referee would not have so found, had not his view of the legal effect of the evidence led him to the conclusion that he was not at liberty to do so.
 

 It appears, from the testimony of the plaintiff’s witnesses, that Mrs. Crow, the maker of the note, was an aged lady, and that Sallie Taylor, the payee, spent much of her time, during a period of several months, in keeping Mrs. Crow company, entertaining her by reading and otherwise, and waiting upon her; that Mrs. Crow was in the habit of sending for her when lonely, and also of calling upon her for services in making clothes and sewing, which services she rendered; that Sallie frequently rendered these attentions very reluctantly, and, although her mother states her own opinion that Sallie did not expect to be paid for what she did, no declaration on the part of Sallie to that effect was proved; that Mrs. Crow expressed herself under obligations to Sallie for her many kindnesses, and stated that she wished to enable her to buy a piano, but did not want to spare the money just then, and requested one of the witnesses to draw the note in suit, which he did, and she signed it, and requested the witness to deliver it to Sallie, with her regards. It was Mrs. Crow’s intention that Sallie "should use it in the purchase of a piano. All this occurred before Mrs. Crow was taken sick.
 

 The adequacy of the consideration was not the question. The only material inquiry was, whether there was any valuable consideration for the note. There was some evidence of services which would have been the proper subject of com
 
 *317
 
 pensation. They were rendered at the request of Mrs. Crow; and the only material question was, whether the note was given in compensation for these services, or as a mere gratuity. This was a question of fact; and if the referee had denied the motion for nonsuit, and, after weighing the evidence, had passed upon the fact, Ms conclusions would probably not have been disturbed. But having granted the motion for a nonsuit, Ms subsequent finding, that there was no consideration, was superfluous, and must be regarded as a mere sequence of his previous decision that the testimony on the part of tiie plaintiff furnished no evidence of any consideration for the note.
 

 Being of opinion that the referee committed an error of law in deciding that the plaintiff ought to be nonsuited, it follows that the order of the Supreme Court reversing the judgment and granting a new trial must on that ground be affirmed with costs, and judgment absolute must be rendered against the defendants in pursuance of their stipulation. The case must be remitted to the court below for the purpose of assessing the damages and entering judgment therefor with costs.
 

 Church, Ch. J., Grover and Peckham, JJ., concur; Allen and Folger, JJ., dissent.
 

 Judgment accordingly.