HENRY D. BROOKMAN, Respondent, *v.* ROBERT W. MILBANK, impleaded, etc., Appellant.

In an action upon a promissory note, tried by the court, where the defence is one not available as against a *bona fide* holder, in which position plaintiff claims to stand, after the receipt of all the evidence as to the *bona fides* of the transfer to plaintiff, and an announcement upon the part of the defendant that he has no more to offer upon that subject, if in the opinion of the court the testimony establishes the fact that plaintiff is a *bona fide* holder, it is not bound to receive the evidence offered to sustain the defence, and the decision cannot be reviewed by this court, although enough was shown to have required the submission of the question thus determined to a jury, had the case been tried by a jury. (*Scofield* v. *Hernandez*, 47 N. Y., 313, distinguished.)

(Argued November 22, 1872; decided November 26, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon the decision of the court upon trial at circuit, without a jury.

This action was brought upon a promissory note made by defendants, Graham, Whitfield and Robert Milbank, to the order of defendant, Robert W. Milbank, and by him indorsed to Frederick Brookman, by whom it was transferred, before maturity, to plaintiff. The answer of defendant, Robert W. Milbank, alleged that the note was given and indorsed by him under an agreement that a claim of the indorsee against the makers, to arrange which the note was given, should be assigned to him, which agreement the indorsee had failed to fulfill. The facts pertinent to the questions decided appear in the opinion. The court directed judgment for the plaintiff, which was entered accordingly.

*Henry E. Knox* for the appellant. Delivery of a check does not operate as payment of a previous debt. (*Bradford* v. *Fox*, 38 N. Y., 289; *Kelty* v. *Second Nat. Bank of Erie*, 52 Barb., 328; *Smith* v. *Miller*, 6 Abb. Pr. R. [N. S.], 234; *Tanner* v. *Bank of Fox Lake*, 23 How. Pr., 399; *Lovett* v. *Cornwell*, 6 Wend., 369; *Genin* v. *Tompkins*, 12 Barb., 265.)

*George G. Reynolds* for the respondent.

PECKHAM, J. The note in suit was dated January 13th. 1868, for $4,066, at one year, to the order of R. W. Milbank, and made by Graham, Milbank & Whitfield. On the 28th of said January, as the plaintiff testified, the note, indorsed by R. W. Milbank, was presented and delivered to the plaintiff by his brother, then the holder and owner, was discounted by him, and the plaintiff's check for the amount given to his brother. On the first of February following, the plaintiff's brother returned the check to the plaintiff, delivered it to him as money on deposit, and took a receipt from him for the amount, as "borrowed money, to be returned on demand." He further testified that he paid this money, with five per cent interest, but a few days prior to the trial of this cause, upon demand made by his brother, in a check upon the bank, which he supposed had been paid by the bank; that although he had not the full amount of the check in the bank when he

gave the first check, he had no doubt the bank would have paid it, if presented, as he had before overdrawn for larger sums, which had been paid. It appeared from his evidence that he was a man of large means, had large sums on deposit in the trust company, and could have met this check at any time; that his firm, of which he was the substance, had been in the habit of receiving money from his brother on deposit, payable on demand, at a reduced rate of interest, until demanded; that he took this note in good faith, never heard of any pretended defence, and there was no understanding of any kind contrary to his statements of the whole transaction; none that the check should not be presented. This is the substance of the case. Upon this evidence the defendant, R. W. Milbank, proposed to prove his defence stated in his answer. The judge before whom the cause was tried, without a jury, then inquired of the defendant's counsel if he had any further evidence as to the plaintiff being a *bona fide* holder of the note. Upon his replying in the negative, the court overruled the offer. Exception.

Was the plaintiff a *bona fide* holder? If the facts are as stated—if there was no understanding to the contrary—if the whole machinery were not a mere form, without any intent to transfer the title, then the plaintiff was a *bona fide* holder. This is scarcely denied; but it is insisted that the transaction, as presented, was very suspicious, and that a jury might have found that it was mere formal machinery, and no actual, *bona fide* transfer, and hence that the judge should have received the evidence, although he might be authorized, in his final consideration of the case, to reject it, and hold the plaintiff to be a *bona fide* holder.

It may be admitted that the evidence presented a suspicious case; that there was but little preponderance either way upon the question of the *bona fides* of the transaction, yet that question must be decided by the judge at trial, when he has no jury, and usually it can be decided much more wisely by him who has the witnesses before him than by an appellate court. This court cannot review the decision of the

judge upon the question of the credibility of this testimony.

Nor do I think the judge was bound to receive this offered evidence, when he was of opinion that the testimony showed the plaintiff to be a *bona fide* holder, even though we should conclude that enough was shown to submit that question to a jury, had the case been tried before a jury.

We are referred to the case of *Schofield* v. *Hernandez* (47 N. Y., 313), as sustaining a contrary position. That does not go to the extent here claimed. Here the judge was properly called upon to decide the question of fact whether the testimony of the plaintiff was true, to pass upon this question of fact and its effect. The defence, too, was inquired of whether there was any more evidence touching the *bona fides* of the plaintiff's holding. The answer being given in the negative, the whole case as to that point was then before him, and its decision was properly made at that time.

The judgment should be affirmed.

All concur.

Judgment affirmed.