WILLIAM S. FORBES, Appellant *v.* THEODORE CHICHESTER, as Executor, etc., Respondent.

*Court of Appeals, Feb.* 24, 1891.

Rev'g 55 Hun, 611, Mem.

1. *Judgment. Nonsuit.*—Where, upon the trial of an action to recover for professional service, the defendant moves to dismiss the complaint, which is granted, the referee then makes a report in which he states that the defendant, at the close of plaintiff's evidence, moved to dismiss plaintiff's claim on the ground of no employment, and that he granted the motion and plaintiff excepted, and he then makes formal findings of fact and law and plaintiff accepts, the decision is in fact a nonsuit.

2. *Trial. Nonsuit.*—Where some evidence supports plaintiff's case a nonsuit is improperly granted.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon an order confirming the report of a referee.

*George A. Strong*, for appellant.

*Walter Edwards*, for respondent.

O'BRIEN, J.—The plaintiff, a physician of very high professional and personal standing, presented a claim of $5,000 to the defendant as executor of the will of Robert Lenox Kennedy, deceased. The claim having been disputed was referred, under the statute, and the referee reported against it, and the court at special term confirmed the report and directed judgment against the plaintiff, which was affirmed at the general term.

In the year 1887 the plaintiff and his wife accompanied the deceased on a journey to Europe at his request or upon his invitation. The deceased furnished the plaintiff with fifty dollars before starting for the purpose of defraying any small expenses in preparing for the journey, also the passage tickets for himself and wife and a letter of credit for $1,000. The executor resisted the claim, upon the ground that the plaintiff accompanied the deceased on the trip to Europe as an old friend and guest, and not upon an employment professionally. There is some evidence in the case tending to show that the deceased, who was a resident of the city of New York, while visiting in Philadelphia in the early part of the year 1887, consulted the plaintiff professionally and then arranged the trip to Europe. The party sailed on the 14th of May, 1887, but the plaintiff and his wife remained abroad only until the 26th of June following and arrived home on the 4th of July, the deceased and the rest of the party remaining in Europe. After arriving in England the plaintiff and his wife did not remain with the deceased but travelled by themselves, selecting the places visited according to their own desire and convenience, and the plaintiff saw the deceased while abroad only three times, once at Southampton on the day after the arrival of the steamer at that place and twice in London a few days later, and received no communication from him except one letter, which was not produced at the trial, and the contents of which do not appear.

The plaintiff was not a competent witness to testify to any personal transaction between himself and the deceased, as against his executors, and no express contract of employment was shown, but it is claimed that such a contract could have been found or inferred from the facts shown. There was evidence in the case competent for the consideration of a court or jury on the question of employment professionally. It was certainly not of such a character as to require the referee to find in favor of the plaintiff. If, after

weighing it and drawing such inferences as seemed to him just under all the circumstances he found against the claim, this finding could not be held to be against the evidence or without evidence, so as to present a question of law reviewable in this court. On the other hand, if this was an action triable by a jury, and the court, upon evidence such as appears in the record, should nonsuit the plaintiff and refuse to submit the case to the jury, such a ruling would be clearly erroneous. In all cases involving disputed questions of fact, which are to be found or determined from circumstances or other facts capable of different inferences, or where the inferences to be drawn are not certain and incontrovertible, it is for the jury to ascertain and determine what the truth is, and, of course, the same rule applies to a court or referee on the trial of a question of fact. This appeal must turn upon the question whether the judgment under review is a judgment of nonsuit or a determination upon the merits. If it is true that the referee and the special term in this case did not weigh and consider and pass upon the evidence offered by the plaintiff, but simply decided that there was no evidence to be weighed or considered in support of the claim, then it is a nonsuit. Scofield *v.* Hernandez, 47 N. Y. 313. On the other hand, if the referee has considered the evidence given and passed upon its weight and effect, and after doing so has drawn inferences and made findings adverse to the plaintiff's claim, then this court has no right to review his findings, as it cannot be said that they are without evidence to sustain them. It is, therefore, necessary to examine the proceedings upon the trial before the referee, and subsequently at the special term, in order to determine the true nature and character of the judgment.

The plaintiff's counsel, after giving such proof as he desired, announced that he rested the case, and the counsel for the defendant then moved to dismiss the complaint on the ground that there was no employment proved. The case

then states that the referee reserved his decision, "and subsequently rendered the following opinion." Then follows an elaborate opinion of the referee, in which he notes and refers to all the facts and circumstances, enumerates the facts that he deems established and such as he concluded were not, states the inferences drawn by him and concludes in these words: "I think the defendant's motion should be granted. I have reached this conclusion after a most careful examination and analysis of the evidence. The facts and circumstances proven, so far as they go, are not inconsistent with the plaintiff's claim, but they do not prove it in any legal sense."

The case was then re-opened by consent and the claimant gave further evidence and again rested, whereupon the defendant's counsel again moved to dismiss the complaint. No disposition was made of this motion at the time, but the referee reserved his decision. The defendant offered no testimony. The referee subsequently made his report, containing findings of fact and conclusions of law. After finding all the facts and circumstances which the plaintiff claims established the fact of employment, the referee found "that no employment of the plaintiff to attend said Kennedy in a professional capacity upon the trip referred to in the fourth foregoing finding of fact has been proved," and that the claim of the plaintiff should be dismissed. If this report was irregular in that it assumed to pass upon the evidence when it was not considered at all, and to find facts after a ruling that there was no competent evidence offered in support of the claim, then the claimant should have applied to the court to have the report sent back to the referee for correction and to strike out the findings of fact and insert a statement that the plaintiff was nonsuited for want of any evidence to sustain the claim. Instead of adopting this course, the plaintiff filed exceptions to the report of the referee, a practice wholly unnecessary, if not inadmissible, providing the referee had, as is now claimed,

simply decided that there was no evidence for his consideration as in a case of nonsuit. This was not an action, but a special proceeding under the statute. Roe *v.* Boyle, 81 N. Y. 305; Mowry *v.* Peet, 88 Id. 453.

There were no pleadings except the claim itself, and when the defendant's counsel moved, after the evidence was all in, to dismiss the complaint, that motion amounted to a request that the referee should, upon the evidence offered, direct judgment in his favor. But no judgment could have been entered upon the report of the referee until it had been confirmed and approved by the court. This motion came on for hearing at the special term upon the case, exceptions and report, the plaintiff relying upon his exceptions, and the defendant moving to confirm. The order of the court states that both sides consented that the motion be heard and decided upon the merits, and the court, after hearing both sides, directed judgment for the defendant. After such proceedings have been had in a case of this character, it seems to me like a misapplication of terms to call the judgment a nonsuit, which decided nothing except that there was no evidence offered competent for the consideration of the referee. It seems to me to be a case where the parties gave all the evidence that they had, and submitted the case to the referee, who, after weighing and considering the testimony, found that a fact absolutely essential to the plaintiff's case was not established. It is difficult to suggest anything more that the parties or the referee could have done in order to make the judgment a determination upon the merits. It is generally a safe test of the question whether the result in any case is a nonsuit or a judgment upon the merits to inquire whether the determination would be a bar to another proceeding for the same relief between the same parties.

The Code, § 1209, provides that a judgment dismissing the complaint is not a bar to another action for the same cause between the same parties unless it so declares or appears by

the judgment roll that it was rendered upon the merits. When the complaint is dismissed for failure to appear at the trial or for other reasons not involving the merits of the case the judgment will not constitute a bar to another action. But when as in this case the plaintiff gives all his evidence and the case is submitted to the referee who afterwards reports with findings of fact and law ordering judgment dismissing the claim, and this report is confirmed by the court, upon an application for that purpose in which both parties stipulate that the case may be heard and decided upon the merits, I cannot doubt that the judgment would be a perfect bar to another proceeding. This court has held, in Van Derlip *v.* Keyser, 68 N. Y. 443, that a judgment like this cannot be reviewed as a nonsuit. In that case, as in this, the defendant's counsel at the close of the evidence moved to dismiss the complaint. No decision of this motion was made at the time. The referee subsequently made his report in the ordinary form with findings of fact and conclusions of law adverse to the plaintiff; and as a conclusion of law found "that the complaint in this action be dismissed." The plaintiff duly excepted to the findings of fact and conclusions of law. The general term having affirmed the judgment, there was an appeal to this court. The counsel for the appellant claimed that the decision of the referee was to be regarded the same as if a motion for a nonsuit had been granted without passing upon the evidence, and that if, upon any view of the evidence, the plaintiff was entitled to recover, the decision was erroneous. That is precisely the position of the appellant in the case at bar. This court, however, held that the case was to be reviewed here as a decision of the referee upon the evidence before him and as the evidence was of such a character as to permit different inferences or conclusions the findings were conclusive upon this court. In that case the plaintiff had rested when the motion was made and some evidence had been given by the defendant, while in the case at bar the motion was made

when the plaintiff rested, no evidence whatever having been offered by the defendant. But surely the fact that the defendant rests his defense upon testimony elicited from the plaintiff's witnesses is not a circumstance that changes the character or nature of the judgment which followed. It seems quite clear to me that this case cannot be reviewed as a nonsuit presenting only a question of law, but as a decision made by the referee in which the effect of the evidence was considered and passed upon and in which his findings upon the evidence given are conclusive on this court. If these views are correct they would necessarily lead to an affirmance of the judgment. But as my brethren do not agree with me as to the nature of the judgment and are all of the opinion that it is a nonsuit and not a decision on the merits, the judgment must be reversed and a new trial ordered, costs to abide the event.

EARL, J.—I agree with Judge O'Brien that the plaintiff could not, upon the evidence presented by him, have been nonsuited. But I think he was nonsuited and that for that reason the judgment should be reversed.

The plaintiff, after producing evidence, rested and the defendant then moved to dismiss the complaint on the ground that there was "no employment proved at all, and nothing which can justify any such charge as has been made." The referee reserved his decision and subsequently rendered a written opinion on the motion in which he concluded, after carefully examining the evidence, that a nonsuit was proper, and that the defendant's motion should therefore be granted.

The case was then reopened by consent and the plaintiff gave some further evidence and again rested. The defendant then renewed his motion to dismiss the complaint and the referee granted the motion and the plaintiff excepted. The referee then made formal findings embodied in his report, in which he stated that the defendant, at the close of plaintiff's evidence, moved to dismiss the claim of

the plaintiff on the ground that no employment of the plaintiff had been proved and nothing that could justify the charge made, and that he granted the motion, and that plaintiff's counsel excepted to his decision, and then he made formal findings of fact and law, as he should have done, and proper exceptions were taken to them by plaintiff's counsel. The court at both the special and general terms also treated the case as one in which the plaintiff had been properly nonsuited.

I think the court erred in holding as matter of law that upon the evidence adduced the plaintiff had utterly failed to establish a cause of action, and the case should go back and be heard upon correct principles of law. The plaintiff may fail to satisfy any court, upon all the evidence, that he is entitled to recover. But he has the right to have his evidence properly weighed.

I concur, therefore, that the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, on grounds stated by EARL, J.