PATTERSON, J.
The referee dismissed the complaint for failure of proof. He expressly states it was “ not on the merits.” He passed upon the requests of both parties to find and refused to make the findings proposed by either side. Where there is an entire failure to prove the allegations of the complaint, and, as in this case, no evidence is offered by the defendant and the motion to dismiss is made and granted on the ground that the allegations of the complaint have not been proven. It is difficult to see what findings of fact could have been made unless the failure to prove the plaintiff’s case entitled the. defendants to absolute findings of fact in their favor on the issues raised, and if that were so they would have been entitled to a judgment on the merits. Wood v. Lary (124 N. Y. 87) is a case in which the complaint -was-dismissed “.on the merits of the case,” and the general statement in the opinion that in every case a judge or referee must find facts separately is based on the authority of Bridger v. Weeks (30 N. Y. 328), while there was. very conflicting testimony on both sides and the decision of the court below went upon the ground that the plaintiff had mistaken her remedy.
In the case at bar the referee could find no facts, for none were proven. He held there was a complete failure of proof to establish any, and the motion to send back his report must be denied, with $10 costs.
*283 Note on the Distinction between a Non-suit and a Decision on the Merits in actions tried before. REFEREE.
The rule of court which sanctions the practice of submitting to a voluntary non-suit on the part of plaintiff, and' the practice of granting a compulsory non-suit on motion of defendant, is as follows :
Rule 30 of 1888. “ On a hearing before referees, plaintiff may submit to a non-suitor dismissal of his complaint or may be non-suited or his complaint be dismissed in like manner as upon a trial, at any time before the cause has-been finally submitted to the referees for their decision.* In which case the referees shall report according to the-fact and judgment may thereupon be perfected for the defendant."
The rule of the old supreme court from which this rule-was derived (Rule at Law 45, Supm. Ct. 1847) provided in different language as to the report, though doubtless no-different practice was intended. The last sentence of the old rule was : In which case the referees shall report the fact, that the plaintiff submitted to a non-suit or was non-suited according to the fact, and judgment may thereupon be perfected by the defendant.
Importance of the question?^ If the decision is a non-suit,, then plaintiff on appealing is entitled to have the evidence examined, and if, assuming the truth of the evidence in his-favor, and every reasonable inference in his favor, a finding in his favor could be sustained, he is entitled to a reversal, even though had the motion been denied a finding by the referee on a submission of precisely the same state of evidence might have been sustained in view of the conflicting' evidence and the unfavorable inferences.
A case of failure of proof is not a case for dismissal on the merits (cases 10-12).
A different principle may apply where a question of order of proof requires the court or referee to rule absolutely on the evidence adduced, in order to decide whether *284 •defendant can go into a defense he has pleaded, as for instance in an action on negotiable paper, equities between the original parties, sought to be availed of against a transferee who had given evidence of being a bona fide holder.
In such a case, if the defendant acknowledges he has no further evidence as to bona fides, the court or referee may -determine the question, and if in favor of plaintiff, refuse to receive evidence of defendant's defense.
He is not bound to receive the defense and consider the whole case as if sending the case to himself in place of a jury*
The motion.] The defendant should not move for a non-■suit or dismissal of complaint unless the plaintiff’s case is such that if being tried before a jury, it would be error to ■submit the case to them (case i). If he does so, and does not announce that he rests the case without evidence on his own behalf, findings of fact in his favor, though of facts sufficient to entitle him to judgment on the merits, will be treated on appeal as made on a motion for non-suit (case 2) ; and •should not be sustained, if, on plaintiff’s evidence, assuming its truth and every reasonable inference favorable to plaintiff, the plaintiff might have recovered.
A referee should not grant a motion for a non-suit or -dismissal of complaint, at the close of plaintiff’s evidence and make findings in favor of defendant, and award judgment for defendant thereon, if the plaintiff’s evidence be sufficient to have gone to a jury had the trial been before a jury. He should deny the non-suit and take a submission of the question on the merits (case 3).
Necessity of a ruling.If after defendant moves for a non-suit or dismissal at the close of plaintiff’s case, no ruling is announced, and the parties go into the evidence on ■defendant’s side, the ultimate findings of the referee upon the entire case will be deemed a decision upon the merits, •even though the judgment he directs be “ that the complaint be dismissed.” And in such case the appellate court will not treat the case as a non-suit, so that it must be set .aside, if upon any view of the evidence, plaintiff was entitled to recover (case 4).
If, on defendant’s moving for a non-suit or dismissal, before a referee at the close of defendant’s case, plaintiff •desires to save the right to object on appeal after an .adverse decision, that the truth of his evidence, and every favorable inference in his favor must be assumed, he must ■obtain a ruling on the motion. When, without doing so, *285 the case is submitted to the referee by both sides, his findings are to be sustained if a verdict would be.
Effect of the ruling.] If after the referee has announced that he grants defendant’s motion for a non-suit at the close of plaintiff’s case, plaintiff excepts, he may rest on his. exception, and even though the referee reports on the merits, the decision will be treated on appeal as a non-suit, (case 5). But it seems that even then plaintiff should duly request findings, and, of course, except to those findings in favor of defendant which depend on conflicting or inconclusive evidence (case 6).
Necessity of findingsf\ If the plaintiff obtains no ruling" on the motion, and the defendant presents his case and plaintiff his rebuttal, plaintiff must present requests to find, (case 7).
If neither party requests findings, the referee’s report dismissing the cause at the close of plaintiff’s case will be treated as a non-suit (case 8).
Waiver of the ruling \ If even after the referee has announced that he grants defendant’s motion for a non-suit or dismissal, on the close of plaintiff’s case, the plaintiff submits requests to find, when defendant submits requests on his part, the case may be deemed submitted on the merits, and the findings sustained on appeal if a verdict pould be (case 9).

Notes of Cases.

1. Place v. Hayward, 117 N. Y. 487. Action for money had and. received. The issues were referred. At the close of plaintiff’s, evidence the defendant, without announcing that he rested, moved “ that the complaint be dismissed on the merits.” The referee granted the motion, and plaintiff excepted. Thereafter, the. referee made a report containing findings of fact and conclusions-of law, and rendered judgment for the defendant on the merits. Held, that the action of the referee was equivalent to a non-suit, and that the judgment could not be sustained on appeal to the court of appeals, unless it appeared that there was no disputed question of fact which, upon a jury trial, the court would be required to submit to the jury, and that upon the undisputed; evidence defendant was entitled to judgment.
2, Sprœssig v. Keutel, 43 State Ref. 794 (N. Y. City Ct. Gen. T.). Foreclosure of mechanic’s lien, trial before court without a jury.. At the close of plaintiff’s evidence, defendants, without announcing-that they rested, moved to dismiss the complaint. Subsequently the judge signed and filed findings holding specifically, against *286 plaintiff’s contentions, every fact necessary to justify the conclusion of law that defendant was entitled to a judgment on the merits.— Held, that as defendant did not announce that they rested, they were not entitled to a dismissal on the merits, and that hence on appeal the judgment must be regarded as one of non-suit.
3. Scofield v. Hernandez, 47 N. Y. 313. Claim upon a note against the estate of a decedent referred under the statute. At the close of plaintiff’s evidence, defendant’s counsel moved for a non-suit, which was granted and plaintiff excepted. The referee afterwards made a report containing findings to the effect that the note was without consideration. On appeal to the court of appeals, the •court say: “ In making this decision the referee must have held as •a matter of law that there was no evidence whatever of any consideration for the note, or that the want of consideration was conclusively established, and that it would have been beyond his legal power to find for the plaintiff on that issue. In this we think he erred. The evidence, though not sufficient to constrain him to find that there was a consideration, was, we think, such as would have required the submission of the question to a jury had the trial been in that form, and would have been sufficient to sustain a finding in favor of the plaintiff. It is impossible to say that the referee would not have so found, had not his view of the legal effect of the evidence led him to the conclusion that he was not at liberty to do so.”
4. Van Derlip v. Keyser, 68 N. Y. 443. Action upon an account. The issues were referred. At the close of the evidence, defendant moved for a dismissal of the complaint. No decision upon this motion was made at the time. The referee in his report found the facts adverse to the plaintiff, and as a conclusion of law found that the complaint should be dismissed. The plaintiff excepted to the referee’s findings.—Held, upon appeal to the court of appeals, that the case must be regarded as having been disposed of upon the evidence.
5. Smith v. Pelott, (Sup’m Ct. 3rd Dept.) 44 State Rep. 242. Action upon a contract. The issues were referred. At the conclusion of plaintiff’s evidence defendant moved for a non-suit, which was granted, and plaintiff excepted. Thereafter the referee made a report assuming to dispose of the whole case.—Held, no request to find having been made by plaintiff, that upon appeal the judgment should be treated as one of non-suit, and if there was any evidence which should have been considered on the merits, the judgment must be reversed.
*287 6. Forbes v. Chichester, 36 State Rep, 248; less fully, 125 N. Y. 766. Claim for services against estate of decedent referred under the statute. At the close of plaintiffs evidence, defendant moved to dismiss the complaint on the ground tnat there was no employment proved. The referee reserved his decision and subsequently made a report containing findings of fact and conclusions of law in which he stated that he had granted the motion. Both Special and General Terms treated the case as one of non-suit.—Held, on appeal to the court of appeals, that plaintiff must be regarded as having been non-suited, and that as it was error as a matter of law, upon the •evidence adduced, to hold that the plaintiff had utterly failed to establish a cause of action, the judgment for defendant should be reversed.
The court say: “ TL plaintiff may fail to satisfy any court upon all the evidence that he is entitled to recover. But he has the right to have his evidence properly weighed.”
7. Gilman v. Prentice, 132 N. Y. 488. Upon the trial of an action before a referee, defendant moved to dismiss the complaint at the close of plaintiff’s evidence. The referee reserved his decision and thereafter defendant introduced evidence. The case was submitted to the referee without renewing the motion for dismissal or calling for a decision thereon, no findings of fact were requested. The referee made a report containing no findings of fact and dismissing the complaint.—Held, that, although a non-suit, findings of fact should have been made, and in the absence of findings the judgment was not reviewable in the court of appeals.
8. Hart v. Ryer, 43 State Rep. 139 (Com. Pl. Gen. T.) Action for services. Issues referred.—Held,, that where the record on appeal does not disclose that either of the parties requested the referee to make findings, the judgment entered on his report dismissing the complaint at the close of plaintiff’s case, is to be reviewed as on a non-suit for insufficiency of proof and not as a determination on the merits.
9. Columbia Bank v. Gospel Tabernacle Church, 127 N. Y. 361. Action by a bank against a depositor for an overdraft. The issues were referred. At the close of the examination and cross-examination of plaintiff’s witnesses, defendant moved for a non-suit, which was granted, and plaintiff excepted. The plaintiff submitted to the referee requests to find as to the facts and law. It appeared by the record that the referee proceeded to take the testimony and proofs offered, and considered the arguments of counsel thereupon ; and directed judgment for defendant upon the merits. *288 His report stated his findings upon the requests of each party.— Held, that the judgment must be treated upon appeal as a judgment on the merits, not a non-suit.
Columbia Bank v. Gospel Tabernacle, 127 N. Y. 361. If after motion for non-suit granted, further evidence is taken, and findings requested and made, a judgment thereon expressed to dismiss the-case, “ upon the merits,” is to be treated on appeal as a judgment, on the merits, not a non-suit.
10. Terry v. Horne, 59 Hun, 492. Action to set aside a trust-deed for duress and illegality. 'Trial by court without a jury. At the close of plaintiff’s case the court dismissed the complaint on the merits for failure of proof.—Held, that it was error to have dismissed on the merits.
The court say : “ The case is similar to a non-suit under the old practice, where under such circumstances the judgment was-never considered a bar to a new action fortified by additional proof.”
11. Martin v. Cook, 37 State Rep. 733 ; S. C., 14 N. Y. Supp. 329. Action for personal injuries. Trial before a jury.—Held, error to-dismiss the complaint upon the merits where there is only a failure of proof.
The court say : “ It is only where a prima facie case is made out and proof is offered to rebut it, that the merits are involved.”
12. Mannion v. Broadway and Seventh Ave. R. R. Co., 18 Civ. Pro. R. 40. In an action tried before a jury, the court at the close of the plaintiff’s case, directed a non-suit for the failure of proof.—Held, that a recital in the judgment that the dismissal Was upon the merits, should be stricken out upon motion. Upon trial at circuit with a jury, there is no trial upon the merits unless the questions are submitted to the jury for their findings of fact, or a verdict is. directed by the court.

In Hughes v. Griffith, 12 Weekly Dig. 501,—an action to-recover the proceeds of real estate sold by one who had fraudulently obtained a deed, it was however—held that it was within the discretion of the referee to whom the issues had been referred to-reserve his decision upon the motion for a rion-suit, made at the close of the plaintiff’s evidence until the whole case was in, and then, deny it.

 Brookman v. Milbank, 50 N. Y. 378.