SCOTT, J., not voting.

---

### VITELLI v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.    July 17, 1900.)

CONTRIBUTORY NEGLIGENCE—INJURY TO TEAM—ELECTRIC CAR.

> Where the driver of the injured team looked down the track as far as he could see (the view being somewhat obstructed), and defendant's car was not in sight till too late to avoid collision, and came very fast, without any signal (the motorman not being at his brake, or where he could control his car), the evidence does not establish contributory negligence of the driver, as matter of law.

Appeal from municipal court of New York City.

Action by Francesco Vitelli and others, partners as L. Balbi & Co., against the Nassau Electric Railroad Company. From a judgment dismissing the complaint at the close of plaintiffs' case, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

E. G. Higginbotham, for appellants.
John L. Wells, for respondent.

HIRSCHBERG, J.    The action was brought to recover damages to property occasioned, as alleged in the complaint, by defendant's negligence.    The accident resulted in the killing of one of a team of horses belonging to the plaintiffs, and the injury of the other horse, in a collision with one of defendant's cars at the corner of Van Brunt and Sackett streets, in Brooklyn.    The trial was without a jury.    The plaintiffs gave evidence which, if credited, tended to establish both the defendant's negligence and the plaintiffs' freedom from blame. Had the case, however, been submitted to the justice, and disposed of by him on the merits, we would not be at liberty, under existing law, to disturb his conclusion that the plaintiffs were chargeable with contributory negligence.    But at the close of the plaintiffs' case the justice announced that "the complaint is dismissed on the ground that the plaintiff has contributed to the injury, and therefore cannot recover."    The defendant neither offered evidence nor rested its case. The dismissal is to be regarded as a nonsuit, and the question presented on the appeal is whether the plaintiffs were guilty of contributory negligence, as matter of law.    The evidence was uncontradicted that those in charge of the team looked down Sackett street, before driving upon the track, as far as they could see, the view being somewhat obstructed; that the car was not in view until too late to avert the collision; that it came upon them very fast, without warning signal of any kind; and that the motorman was not at his brake,

or in a position to effectively control his car. This proof would have required a submission of the case to the jury in a jury trial, and, on a trial without a jury, required a submission of the question of contributory negligence to, and a decision by, the court, as a question of fact. Scofield v. Hernandez, 47 N. Y. 313; Place v. Hayward, 117 N. Y. 487, 23 N. E. 25; Forbes v. Chichester, 125 N. Y. 769, 26 N. E. 914; Cowen v. Paddock, 137 N. Y. 188, 191, 33 N. E. 154; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516. As Judge Earl said in Forbes v. Chichester, 125 N. Y. 770, 26 N. E. 916:

"I think the court erred in holding, as matter of law, that upon the evidence adduced the plaintiff had utterly failed to establish a cause of action, and the case should go back, and be heard upon correct principles of law. The plaintiff may fail to satisfy any court, upon all the evidence, that he is entitled to recover. But he has the right to have his evidence properly weighed."

The case should be retried before another justice.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.