## SCHLESINGER v. JUD.

(Supreme Court, Appellate Division, Second Department.   May 31, 1901.)

1. NONSUIT—TRIAL TO COURT.
    The dismissal of a law action tried to the court on defendant's motion at the close of plaintiff's case, is reversible error when the evidence is sufficient to raise a question of fact requiring a decision on the merits, since such dismissal is equivalent to a nonsuit.

2. SAME—ACTION FOR COMMISSIONS—DEFENSE.
    Where a principal in the exchange of property actually receives good title to the property conveyed to him, he cannot defeat an action by his broker for commissions on the ground that the contract of sale was invalid.

3. SAME—PLEADINGS—AMENDMENT.
    Where the court voluntarily permits a broker suing for commissions to amend his complaint to show an assignment to him of a claim for commissions by A., it is error to refuse to allow him to amend for the purpose of showing an assignment of a portion of the claim from B., though the fact of such assignment appears in plaintiff's bill of particulars.

    Goodrich, P. J., dissenting.

Appeal from municipal court of New York.

Action by Samuel Schlesinger against Joseph Jud.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry Zirn, for appellant.
John P. Donnelly, for respondent.

HIRSCHBERG, J.   The complaint alleges that the action is for commissions on sale of real estate.   The defendant demanded a bill of particulars, which was duly furnished, and which states that the plaintiff's claim is "for negotiating as broker with A. Roth, of whose share of the commission he has received as assignment the exchange of the defendant's realty No. 164 McKibben St., Brooklyn, for real estate owned by Ullrich Maurer, in Way Av., Jamaica, Queen's Co., during or about Nov., 1900."   On the trial the plaintiff gave testimony tending to show that the defendant had placed his property for sale with a real-estate broker named Grossman, and that the exchange referred to in the bill of particulars was effected by the united efforts of Grossman, Roth, and the plaintiff, with the knowledge and consent of the defendant, and with the understanding that but a single commission should be paid.   The evidence tends to show these facts, although it is not very clear or entirely satisfactory, and a decision upon the merits in favor of the defendant might possibly have been affirmed.   But the plaintiff testified directly to the rendition of the services on defendant's employment, and that, after the transaction was consummated, the defendant expressly promised to pay the commission in a few days.   There was evidence, therefore, requiring a submission of the case to the jury, had the trial been by jury.   At the close of plaintiff's case, however, the court dismissed the case on defendant's motion.   This is to be regarded as the granting of a nonsuit, and, where there is sufficient evidence to require a submission and decision

of the case upon the merits, a nonsuit constitutes reversible error. Scofield v. Hernandez, 47 N. Y. 313; Place v. Hayward, 117 N. Y. 487, 23 N. E. 25; Forbes v. Chichester, 125 N. Y. 769, 26 N. E. 914; Cowen v. Paddock, 137 N. Y. 188, 191, 33 N. E. 154; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516; Vitelli v. Railroad Co., 53 App. Div. 639, 65 N. Y. Supp. 1027. The contract for the exchange of the property was executed by the defendant with Ullrich Maurer, who testified that he signed it with authority and on behalf of his wife, who was the real owner. He testified that he delivered the property. If the defendant actually received a good title to the lots, there can be no force in the defendant's objection to the validity of the contract executed. This point may be made clear on a new trial. The court, of its own motion, permitted the plaintiff to amend his complaint by alleging an assignment of his interest in the commission from Grossman, but denied the plaintiff's motion for a like amendment in the case of Roth. As the bill of particulars distinctly stated that the plaintiff claimed by virtue of an assignment from Roth, it is doubtful whether the amendment was actually necessary; but, in view of the court's action in voluntarily amending the complaint so as to cover Grossman's interest, the plaintiff's motion as to Roth should have been granted.

We express no opinion upon the merits of the controversy, desiring only to emphasize the fact that, even if the condition of the proof would have justified a decision in the defendant's favor, it certainly does not warrant the conclusion that there was no evidence at all to support the plaintiff's claim. It is the plaintiff's right that the sufficiency of his evidence should be considered and determined by the trial court. As Judge Earl said in Forbes v. Chichester, supra: "The plaintiff may fail to satisfy any court, upon all the evidence, that he is entitled to recover. But he has the right to have his evidence properly weighed."

The judgment should be reversed.

Judgment of the municipal court reversed, and a new trial ordered; costs to abide the event. All concur, except GOODRICH, P. J., who dissents.