WEISBERGER v. MARTIN.

(Supreme Court, Appellate Term. January 19, 1904.)

1. TRIAL BY COURT—NONSUIT.

Where there was a conflict of evidence sufficient, had there been a jury, to require submission of the case, the justice of the Municipal Court had no power to grant a nonsuit, notwithstanding the fact that the case was tried before him without a jury.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Herman Weisberger against Charles Martin. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Emanuel I. Silberstein, for appellant.

GILDERSLEEVE, J. The evidence shows that plaintiff had an agreement with defendant to move the latter's effects at 6 a. m. on May 1st. Plaintiff was a truckman and defendant a saloon keeper. The agreed price for moving was $60. Defendant's witness swears that he left word with plaintiff's wife, at plaintiff's residence, which was also plaintiff's place of business, at 5:30 a. m. on May 1st, not to come until May 4th. Plaintiff swears he never got the message, and came, ready to move defendant's goods, at the time and place specified, when he was told not to touch anything until he heard from defendant; that he waited until 12 o'clock, when he received a telephone from defendant to come on May 4th, as it was impossible for defendant to move before that time. Plaintiff swears that he came again on May 4th, but found that everything had already been moved. He says he paid his men, but does not state how much; that he was ready and willing to do the moving, and demands $60 damages. The defendant and his witnesses claim that notice was sent to the plaintiff at 5:30 a. m. on May 1st not to come until May 4th, but that he did come in the morning with two small wagons, and at 12 o'clock a van came, and plaintiff was told again that the defendant could not move before May 4th, and that plaintiff never turned up at all on May 4th, on which day the "brewery" moved defendant's things "for nothing." There are no exceptions in the case to the rulings of the court on the admissibility of testimony. The justice dismissed the complaint at the end of the entire case. Plaintiff appeals.

With the conclusion of the justice on the facts we might not be disposed to interfere had not the justice exceeded his authority in granting a nonsuit. There was a conflict of evidence, and had there been a jury the plaintiff's evidence was sufficient to require a submission of the case to the jury. The justice, therefore, had no power to grant a nonsuit, notwithstanding the fact that the case was tried before him without a jury. Schlesinger v. Jud, 61 App. Div. 453, 70 N. Y. Supp. 616.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.