McCRYSTAL v. O'NEILL.

(Supreme Court, Appellate Term. January 25, 1904.)

1. TRIAL—DIRECTING VERDICT.

In an action for wages, where there was some evidence to sustain plaintiff's claim, the case should have been submitted to the jury, even though the trial justice was of the opinion that a verdict for plaintiff should be set aside.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Patrick McCrystal against Mary O'Neill. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Wm. F. Timm, for appellant.
Marcus Helfend, for respondent.

MacLEAN, J. Bringing this action for wages, the plaintiff testified he had been for 19 years in the employment of the defendant, until lately a livery stable keeper; that he received $12 a week; that, on an occasion, John O'Neill had promised him $13, the $1 raise to be paid on the 1st of every month, but had asked him to wait for the extra weekly $1 for a while, as he (O'Neill) was a little short; that Wm. O'Neill had been present once when John spoke of the dollar, and had promised it would be paid. It was not so clear, upon the plaintiff's testimony, that the defendant, if any one, was the promisor, particularly as he said he was engaged by James O'Neill; but there was enough to submit to the jury, even if the learned justice were of opinion that any verdict for the plaintiff should be set aside (Pierce v. Met. St. Ry. Co., 21 App. Div. 427, 47 N. Y. Supp. 540), and the judgment of dismissal must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

DAVIS, J. concurs.

FREEDMAN, P. J. (concurring). The plaintiff's evidence was sufficient to carry the case to the jury, and it should have been submitted

to them.   The dismissal of the complaint was not authorized, and this would have been so even if the trial had taken place without a jury. Schlesinger v. Jud, 61 App. Div. 453, 70 N. Y. Supp. 616.   I therefore concur that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.