### SCHLEICHER v. WIRTH.

(Supreme Court, Appellate Term. January 25, 1904.)

1. CONVERSION—IDENTITY OF ARTICLE—NONSUIT.

Plaintiff's evidence that he delivered an "S. S." piano to H. at a certain place, and that defendant stated he had stored an "S. S." piano that H. had at such place, sufficiently identifies the piano to prevent a nonsuit in an action for its conversion.

2. SAME—EVIDENCE OF TITLE.

Plaintiff in an action for conversion of a piano which defendant took from H. may, to show title, introduce a conditional bill of sale to H. from him.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by George Schleicher against Louis Wirth. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Gates Hamburger, for appellant.
Edward J. Krug, Jr., for respondent.

GILDERSLEEVE, J. The action was brought for the alleged conversion of a piano. The evidence offered on behalf of the plaintiff shows that plaintiff delivered one of his "S. & S." pianos to one Hillstead—whether by purchase or conditional sale, the testimony does not very clearly indicate. The case, however, seems to have been tried by both sides on the theory that plaintiff had a right to take back this piano from said Hillstead. The evidence is meager and unsatisfactory in several material particulars. It appears, however, from the testimony of plaintiff's former employé, Schmeidel, that he went to the residence of Hillstead, 1122 Barrette street, to get the piano; that he there met defendant, who told him that the house in which said Hillstead had resided was his (defendant's) house, and that Hillstead had moved. The said Schmeidel then told defendant that he had come to get from said Hillstead an "S. S. [Schleicher & Sons] medium upright piano." Said defendant replied, "You cannot have the piano, because I put it in storage." The witness further testified that defendant refused to tell where he had stored the piano. The defendant was called by the court to the stand, and, after denying in some particulars the evidence of plaintiff's witnesses, testified that he had never received a piano from plaintiff, and never placed an "S. S." piano in storage. The justice dismissed the complaint, apparently on

the ground that the piano had not been sufficiently identified. Plaintiff appeals.

The rule is that when the plaintiff's evidence is sufficient to require a submission of the case to a jury, had the trial been by jury, a justice of the Municipal Court has no power to grant a nonsuit, notwithstanding the fact that the case is tried before him without a jury, as in the case at bar. See Schlesinger v. Jud, 61 App. Div. 453, 70 N. Y. Supp. 616. Applying this principle to the facts here presented, it seems to us that the learned justice erred in granting a nonsuit. The plaintiff had shown the delivery of an "S. S." piano to Hillstead at 1122 Barrette street, and plaintiff's witness testified that defendant stated he had stored an "S. S." piano that had belonged to Hillstead while at said place. It is true this testimony is denied by the defendant, but it seems to us that it was sufficient to render the identity of the piano a question of fact, which should have been submitted to a jury, had there been a jury in the case. As there was no jury, it was a question of fact to be determined by the justice on all the evidence.

But apart from the considerations expressed, it appears that serious error was committed upon the trial in the exclusion of the receipt or conditional bill of sale which the plaintiff offered in evidence ostensibly for the purpose of establishing his title to the piano. It was a necessary link in the chain of evidence which the plaintiff was entitled to establish in order to lay the foundation of his claim to the property, and to put him in a position where he might follow it up with proof tending to show the identity of the piano and the person to whom and the place where it was originally delivered, and in this way to enable him to connect the defendant with the conversion thereof.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.