## LARKINS v. McGINLEY.

(Supreme Court, Appellate Term. May 5, 1904.)

1. DECEDENTS' ESTATES—ACTION FOR SERVICE—EVIDENCE—SUFFICIENCY.
　　In an action against an executor to recover for services alleged to have been rendered decedent, the evidence showed that services of a certain value were rendered and that decedent agreed to pay for them, and though it was shown that plaintiff had received checks from defendant in at least part payment, these were not introduced in evidence, nor their amount shown. *Held* to make out a prima facie case for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Bridget Larkins against Edward T. McGinley, as executor, etc. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Burnham Kalisch, for appellant.
Mulqueen & Mulqueen, for respondent.

FREEDMAN, P. J. The complaint complained for services, work, and labor performed for the defendant's intestate between May 16, 1901, and June 15, 1902. The defendant offered no testimony upon the trial. The testimony of the plaintiff established a cause of action against the estate of the decedent. Services on the part of the plaintiff were shown to have been rendered; promises on the part of the decedent to compensate the plaintiff for such services, and their value, were shown. There was some testimony given from which it might fairly be inferred that the plaintiff had received certain checks from the defendant in payment of at least a portion of the services sued for, and several checks were produced, and identified by the plaintiff as having her indorsement thereon. The amount of these checks was not shown, nor were they introduced in evidence. As the case stood at the close of the case, the complaint should not have been dismissed. Schlesinger v. Jud, 61 App. Div. 453, 70 N. Y. Supp. 616.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.