(98 App. Div. 322)

### JOHNSON et al. v. DUNCAN et al.

(Supeme Court, Appellate Division, Second Department. November 23, 1904.)

1. HIGHWAYS—COLLISION BETWEEN WAGONS—NEGLIGENCE—EVIDENCE—SUF-
FICIENCY.

In an action for damages resulting from a collision between plaintiff's and defendant's wagons, alleged to have been caused by the negligence of those in charge of defendant's wagon, evidence *held* sufficient to require the submission of the case to the jury, and it was error to grant a non-suit.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Ernest Johnson and Theodore Johnson, doing business under the firm name of Johnson Bros., against Samuel Duncan and another, as executors, etc., of James E. Kelsey, deceased, and William H. Kelsey, composing the firm of Kelsey & Loughlin. From a judgment of the Municipal Court dismissing the complaint without prejudice to a new action, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Frederick W. Sparks, for appellants.
William F. Hagarty, for respondents.

HIRSCHBERG, P. J. The court dismissed the complaint, with costs, but without prejudice to a new action, in accordance with the provisions of section 248 of the Municipal Court act of the city of New York (Laws 1902, p. 1561, c. 580). The dismissal was at the close of the plaintiffs' case, and it must be assumed it was because the plaintiffs had failed, in the opinion of the court, to prove their cause of action. The action is to recover damages resulting from a collision between a wagon of the plaintiffs and one belonging to the defendants, which collision, it is charged, resulted from the negligence of those in charge of the defendants' wagon. The collision occurred in Schermerhorn street, in Brooklyn, in daylight, and, according to the only witness of the occurrence who was examined on the trial, at a time when the street was free of other vehicles. The witness testified that he was driving the plaintiffs' wagon on the right-hand side of the street, and close to the curb; that the defendants' wagon was being driven in the opposite direc-

tion; that there was ample room to pass, but that, just as the defendants' wagon was about to pass, the person or persons in charge of it turned toward the plaintiffs' wagon, and, without looking, drove into it, inflicting the injury complained of. The evidence was clear and explicit. The witness, who was driving the plaintiffs' wagon, testified as follows:

"Q. Was there sufficient room for you to pass between this wagon and the curbstone on your right-hand side? A. No, sir. Q. When you first saw it? A. First there was plenty of room. If he keeps on to his right, there would be plenty of room for me to drive on. Q. When you first saw him, was there sufficient room for him to pass? A. Yes. Q. What did he do? A. Turned his team of horses over on my side. Q. To which direction? A. To my side. Q. On the side that you were on? A. Yes. Q. Did he run into you? A. Yes. * * * Q. Now, was there sufficient room for you to pass that wagon at the time you first saw it, ten feet this side of Third avenue? A. Yes. Q. What did the wagon then do, or what did the driver then do? A. He turned over his horses—over to the left-hand side. Q. How did he come, up to the time that he struck your wagon? A. He drove right into my wagon; right into my shaft; straight over to my shaft. * * * Q. Was there a man on the wagon, driving the horses? A. Two men on the wagon. Q. Did they have hold of the reins—one of them? A. I didn't take any notice. Q. Were they looking towards you? A. No, sir. * * * Q. He drove right across the street, and ran into your horse? A. Yes."

This evidence, uncontradicted, established the plaintiffs' case, if believed, and it certainly required a consideration and determination of the action on the merits. It was therefore error to grant a nonsuit. Schlesinger v. Jud, 61 App. Div. 453, 70 N. Y. Supp. 616. The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.