WESTON ELECTRICAL INSTRUMENT COMPANY, PLAINTIFF IN ERROR, v. ADELBERT O. BENECKE, DEFENDANT IN ERROR.

---

EDWARD WESTON, PLAINTIFF IN ERROR, v. ADELBERT O. BENECKE, DEFENDANT IN ERROR.

Submitted July 10, 1911—Decided March 4, 1912.

1. One who causes or procures a libel to be published in a newspaper is responsible therefor.
2. The rules as to nonsuits are the same, and have the same application, when the trial is by the court, as when it is by a jury.
3. A motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law.
4. Where the evidence, and the inferences reasonably arising therefrom, will support a verdict for the plaintiff, a motion for a nonsuit must be denied.

5. In a trial before the judge, sitting without a jury, a motion for a nonsuit should be denied where the evidence, and the inferences reasonably arising therefrom, are legally sufficient to prove the material allegations of the plaintiff's declaration.

On error to the Supreme Court.   Essex County Circuit.

For the plaintiff in error, *Franklin W. Fort* and *Alfred F. Skinner*.

For the defendant in error, *Riker & Riker*.

The opinion of the court was delivered by

TRENCHARD, J.   These two writs of error bring up for review judgments of nonsuit in actions against Adelbert O. Benecke, one at the suit of the Weston Electrical Instrument Company, and the other at the suit of Edward Weston.

The suits were by consent tried together before the Circuit Court judge, sitting without a jury, at the Essex Circuit, and have been here argued together.

The actions were for libel.   The article alleged to be libelous was published in the "Newark Morning Star" and the "Newark Evening Star."

The declarations averred that the defendant below, Dr. Benecke, published the article, or caused it to be published.

The evidence, when the plaintiff rested, and at the time the nonsuit was granted, tended to show the following matters of fact:   The article in question was written by Mr. Travis, a newspaper reporter, from information obtained, partly from one Fischer, and partly from a bill of complaint which was subsequently filed by Dr. Benecke against the plaintiff in the Court of Chancery.   The bill of complaint came into the possession of the reporter three days before it was filed in Trenton, but from what source he received it does not appear.   It was filed September 20th, 1907.   The article in question was published the same day.   After the article had been written by Mr. Travis, it was "set up," the "proof" corrected and a new proof was made.   On the morning of September 20th, or

the afternoon of the day before, Mr. Travis, under the guidance of Mr. Fischer, went with this revised proof to Dr. Benecke's office and was introduced to him. Mr. Fischer said, "Dr. Benecke, this is Mr. Travis who has gotten up this article," and further stated that Mr. Travis was "a newspaper man who not only represented the 'Evening Star,' but a number of New York afternoon papers and the Associated Press." Thereupon Dr. Benecke took the "galley proof" of the article, read it, corrected the spelling of a proper name, substituted or erased a word or two, and handed it back to the reporter with the remark, "That is all right." After the article had been thus corrected by the defendant, and at the time or immediately before it was returned to the reporter, Mr. Fischer said to the reporter, in the presence of the doctor, "You can put this in the 'Morning Star' also," and asked "some other questions about sending it to the New York papers." The reporter answered that "the 'Morning Star' picked up the type used in the afternoon edition." After some further conversation not necessary to detail, the reporter departed, made the corrections in the type noted by Dr. Benecke, and "released" the article—that is to say, ordered it printed, and it appeared in the "Evening Star" of September 20th and the "Morning Star" of September 21st.

The motion for nonsuit was made by the defendant at the close of the testimony upon the part of the plaintiff. Concerning it, the record is as follows:

"Mr. Riker—I move for a nonsuit in both of these cases on the ground that there has not been shown any authorization of the publication of this document, under the evidence, by Dr. Benecke.

"[Motion argued.]

"The Court—I think I may assume that there is no case that goes beyond the cases referred to; if there had been counsel no doubt would have found it.. Neither of the cases cited go far enough, and the question, therefore, is left to be determined by the view which seems most just, and most in accordance with the spirit of the authorities. My conclusion is, that enough has not been shown to bring home to the defend-

ant the publication. It is not necessary for me to elaborate upon that; but that conclusion leads to a nonsuit, which I accordingly grant, in each case."

To this ruling an exception was duly taken and error is assigned thereon.

We are of opinion the nonsuit was erroneous.

It is well settled that one who causes or procures a libel to be published in a newspaper is responsible therefor. 25 *Cyc.* 429; 18 *Am. & Eng. Encycl. L.* (2d ed.) 1066; *New. S. & Lib.* (2d ed.) 244; *Odg. Dig. Lib. & S.* *157; *Hazy* v. *Woitke,* 23 *Colo.* 556; *Washington Gas Light Co.* v. *Lansden,* 172 *U. S.* 534; *Parkes* v. *Prescott, L. R.,* 4 *Ex.* 169; *Reg.* v. *Cooper,* 8 *Q. B.* 533.

The rules as to nonsuits are the same, and have the same application, when the trial is by the court, as when it is by a jury. *Freese* v. *Hibernia Sav., &c., Soc.,* 139 *Cal.* 392; *Schlesinger* v. *Jud,* 61 *N. Y. App. Div.* 453; *Weisberger* v. *Martin,* 86 *N. Y. Supp.* 115.

A motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law. *Hayward* v. *North Jersey Street Railway Co.,* 45 *Vroom* 678; *Kaufman* v. *Bush,* 40 *Id.* 645.

Where the evidence, and the inferences reasonably arising therefrom, will support a verdict for the plaintiff, a motion for a nonsuit must be denied. *Dayton* v. *Boettner, ante p.* 421.

It follows, therefore, that in a trial before the judge, sitting without a jury, a motion for a nonsuit should be denied where the evidence, and the inferences reasonably arising therefrom, are legally sufficient to prove the allegations of plaintiff's declaration. *Chicago First National Bank* v. *Northwestern National Bank,* 152 *Ill.* 296; *Freese* v. *Hibernia Sav., &c., Soc., supra; Forbes* v. *Chichester,* 125 *N. Y.* 769; *Schlesinger* v. *Jud, supra; Weisberger* v. *Martin, supra.*

Tested by this rule the nonsuit in the present case was improperly granted. We have pointed out that the judge, ex-

ercising the functions of a jury, might have reasonably found as a fact that the libelous article, written by the reporter, set forth the defendant's side of his personal controversy with the plaintiff as exhibited in the bill in Chancery; that it was written, and possibly submitted to, and corrected and approved by the defendant before the Chancery bill was filed in court; that the defendant expressed no indignation nor surprise, though he knew that the reporter intended to publish the article in the "Evening Star;" and that, in the presence of the defendant, Mr. Fischer, who had furnished in part the information upon which the article was based, requested or ordered that it be published in other newspapers.

From these facts, and with the additional fact that Mr. Fischer's request or order for additional publication was made under such circumstances as to give notice to the defendant that he was assuming to act as the defendant's agent, and that the reporter would draw that inference, it was open to the judge to infer that he was in fact the defendant's agent, and throughout acted as such. It follows, therefore, that the judge, sitting without a jury, might reasonably have found that the defendant caused or procured the libel to be published. In such situation, it was the duty of the trial judge, before settling that question, to weigh the testimony, as would a jury, and thus determine whether or not the defendant caused or procured the publication. This he did not do. The motion for nonsuit presented a question of law, namely, admitting the truth of the plaintiff's evidence, and of the inferences favorable to the plaintiff that could legitimately be drawn therefrom, could the plaintiff recover. The motion was argued and decided as a question of law, and we have pointed out that the decision was erroneous. As was said by Mr. Justice Earl, speaking for the New York Court of Appeals, in *Forbes* v. *Chichester, supra:* "The plaintiff may fail to satisfy any court, upon all the evidence, that he is entitled to recover; but he has a right to have his evidence properly weighed." We may add that the plaintiff had also the right to be heard in argument as to the weight of the evidence, and whether the inferences which might be drawn therefrom should be

drawn, and that right was in effect denied the plaintiff by thus disposing of their rights upon the motion to nonsuit.

Both judgments under review will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.